UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHENG ZHE CUI and
JINGHUA ZHENG,
*on their own behalf and on behalf of others similarly situated*,

                              Plaintiffs,

-against-

D PRIME INC.
    d/b/a SungBookDong BBQ,
MI SUK CHOI
    a/k/a Misuk Choi, and
WON BOK CHOI
    a/k/a Wonbok Choi,

                              Defendants.

Case No.: 1:20-cv-03667-OEM-MMH

**DETAILED STATEMENT REGARDING DAMAGES AND OTHER RELIEF SOUGHT**

---

      Defendants, D Prime Inc. (d/b/a SungBookDong BBQ), Mi Suk Choi (a/k/a Misuk Choi), and Won Bok Choi (a/k/a Wonbok Choi) ("Defendants"), respectfully submit this Detailed Statement Regarding Damages and Other Relief Sought, in accordance with Paragraph V.D.7.a of Your Honor's Individual Practices and Rules, in advance of the jury trial currently scheduled for December 4, 2023, at 9:30 a.m.

      This is a wage-and-hour lawsuit commenced by Plaintiffs against Defendants alleging Defendants' failure to pay overtime wages, including the spread-of-hours premiums, and to furnish wage notices and statements pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff Cui and Plaintiff Zheng's employment periods with Defendants were approximately eight (8) months and approximately nine (9) months, respectively.

I.       **DEFENDANTS' POSITION**

It always has been, and it still is, Defendants' position that Plaintiffs were paid all required wages and that Defendants complied with the FLSA and NYLL for the wage portion of Plaintiffs' claims. As such, Defendants are not liable for any unpaid overtime wages.

The following is Defendants' detailed assessment of damages for each of Plaintiffs' remaining claims in this action:

A.       **Plaintiffs' Unpaid Overtime Claim under the Fair Labor Standards Act.**

Plaintiffs' first remaining claim is unpaid overtime claim under 29 U.S.C. §§ 207(a), 216(b). The FLSA requires that a covered employee be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week. *Nakahata v. New York–Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) (citing 29 U.S.C. § 207[a]).

Here, Defendants do not dispute that Plaintiffs were employees of Defendants. However, Plaintiffs were not entitled to any overtime wages.

First and foremost, Defendants contend that Plaintiffs did not work more than forty (40) hours a week at any given week during their employment with Defendants.

Specifically, Defendants will establish at trial that Plaintiff Cui was scheduled to work four days a week. He was scheduled to work from 11 a.m. to 9 p.m. every workday, but he often left at 8 p.m. Additionally, he was given thirty minutes for lunch break and thirty minutes to one hour for dinner break each workday in addition to a one-hour long regular break. Therefore, Plaintiff Cui worked seven (7) to eight (8) hours each workday and twenty-eight (28) or thirty-two (32) hours each workweek throughout his employment.

Similarly, Defendants will show that Plaintiff Zheng only worked five days a week although he was originally scheduled to work six days a week. He was scheduled to work from 11 a.m. until 9 p.m. every workday, but he often left at 7 p.m. He was also given thirty minutes for lunch break and thirty minutes to one hour for dinner break each workday in addition to a one-hour long regular break. In sum, Plaintiff Zheng worked six (6) to eight (8) hours each workday and thirty (30) to forty (40) hours each workweek.

Secondly, Defendants contend that because Plaintiff Zheng was an exempt employee, he should not be entitled to any overtime wages. *See* 29 U.S.C. § 213(a)(1) (the overtime wage requirement under 29 U.S.C. § 207 does not apply to any employee employed in a *bona fide* executive capacity); *see also* 29 C.F.R. § 541.0 (the FLSA provides an exemption from the Act's overtime requirements for any employee employed in a *bona fide* executive capacity).

An employee in a *bona fide* executive capacity means any employee: (1) compensated on a salary basis at a rate of not less than $684 per week; (2) whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) who customarily and regularly directs the work of two or more other employees; and (4) who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees are given particular weight. 29 C.F.R. § 541.100.

Defendants will establish that Plaintiff Zheng, who was an executive chef, practically managed the Corporate Defendant, D Prime Inc., in that he controlled and dictated the schedules of D Prime Inc.'s employees; he also customarily and regularly directed the employees regarding their job duties and responsibilities; further, he had the full authority to hire or fire employees and did in fact hire and fire the employees; furthermore, he determined the wages of the

employees and directly paid the employees; finally, he was paid his weekly salary in the amount of $1,600.00 which was well over the minimum requirement of the FLSA – $684.00 – for the exempt status. *See Id.*

Based on the foregoing, both Plaintiffs were not entitled to any overtime pay during their employment period, and the jury should find that Defendants have no liability on Plaintiffs' unpaid overtime claim.

Assuming *arguendo* that the jury finds that both Plaintiffs were non-exempt employees and there were weeks Plaintiffs worked more than forty (40) hours, it is Defendants' position that the fluctuating workweek method should be used to calculate any unpaid overtime wages.

"The FLSA permits employers to pay non-exempt employees a fixed salary for a fluctuating workweek and to compensate them for their overtime hours on a 'half-time' basis." 29 C.F.R. § 778.114(a). Under this method, an employee is paid a fixed salary covering whatever number of hours the job demands in a given week. When the fluctuating workweek method applies, "the minimum overtime rate required by the FLSA is only half-time (*i.e.*, 50% of the regular rate), rather than time-and-a-half (150%)." *Wills v. RadioShack Corp.*, 981 F.Supp.2d 245, 254 (S.D.N.Y. 2013). The amount of the half-time payment will vary depending on the number of hours worked in excess of 40 hours in the workweek.

Employers may use the fluctuating workweek method only if all of the following five conditions are met: (1) the employee's hours fluctuate from week to week; (2) the employee receives a fixed weekly salary which remains the same regardless of the number of hours the employee works during the week (excluding overtime premiums); (3) the fixed amount is sufficient to provide compensation at a regular rate not less than the legal minimum wage; (4) the employer and employee have a clear mutual understanding that the employer will pay the

employee a fixed salary regardless of the number of hours worked; and (5) the employee receives a fifty percent (50%) overtime premium in addition to the fixed weekly salary for all hours worked in excess of forty (40) during the week. *See Ramos v. Telgian Corporation*, 176 F.Supp.3d 181, 194 (E.D.N.Y. 2016).

If Defendants establish all five conditions for each Plaintiff, Defendants should be permitted to use the fluctuating workweek method in calculating any unpaid overtime wages.

### B. Unpaid Overtime Claim under the New York Labor Law.

Plaintiffs' second remaining claim is unpaid overtime claim under 12 N.Y.C.R.R. § 146-1.4 and NYLL § 663.1. "The NYLL largely adopts the same standards as the FLSA with respect to overtime compensation, *i.e.*, a covered employee must 'be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week.'" *Fermin v. Las Delicias Peruanas Restaurant, Inc.*, 93 F.Supp.3d 19, 43 (E.D.N.Y. 2015).

Defendants contend that both Plaintiffs were not entitled to any overtime wages under the NYLL because they did not work more than forty (40) hours a week throughout their employment. *See* discussion *supra* I.A. Further, Plaintiff Zheng was particularly not entitled to any overtime wages because he was an exempt employee under the NYLL's standard as well.

The NYLL and its implementing regulations exempt from its wage and overtime provisions individuals who work in an executive, administrative, or professional capacity. *Awan v. Durrani*, 2015 WL 4000139, *9 (E.D.N.Y. Jul. 1, 2015) (citations and quotations omitted); *see also* NYLL § 651(5)(b).

Akin to the FLSA, the NYLL defines an employee working a *bona fide* executive capacity as an individual (a) whose primary duty consists of the management of the enterprise in which such individual is employed or of a customarily recognized department or subdivision

thereof; and (b) who customarily and regularly directs the work of two or more other employees therein; and (c) who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and (d) who customarily and regularly exercises discretionary powers; and (e) who is paid for his services a salary, inclusive of board, lodging, or other allowances and facilities, of not less than the amounts $1,012.50 per week in 2019 and $1,125.00 per week in 2020[1]. 12 N.Y.C.R.R. 141-3.2(c)(1)(i).

Plaintiff Zheng qualified for exempt status as he satisfied all requirements as discussed above. *See* discussion *supra* I.A. (his weekly salary in the amount of $1,600.00 well exceeded the salary requirements under the NYLL – $1,012.50 per week in 2019 and $1,125.00 per week in 2020 – as well).

Assuming *arguendo* that the jury finds that both Plaintiffs were non-exempt employees and there were weeks Plaintiffs worked more than forty (40) hours, the fluctuating workweek method should also be used to calculate any unpaid overtime wages under the NYLL.

The NYLL permits employers to use the fluctuating workweek method to compensate overtime pay of nonexempt employees. *See generally*, *Wills v. RadioShack Corp.*, 981 F.Supp.2d 245 (S.D.N.Y. 2013) (the use of the fluctuating workweek method for calculating overtime pay of nonexempt employees does not violate either the FLSA or NYLL because the NYLL adopts the FLSA's standards governing overtime pay).

The use of the fluctuating workweek method has no occupational or industry exceptions. Fluctuating Workweek Method of Computing Overtime, 85 Fed. Reg. 34,970 (Jun. 8, 2020) (to be codified at 29 C.F.R. pt. 778). In fact, the Courts in New York and the New York Department

---

[1] The required minimum weekly salary is $1,125.00 per week in 2019 and 2020 for executive employees working for large employers of 11 or more employees.

of Labor have never concluded that the fluctuating workweek method cannot be applied to the New York hospitality industry. *See*, *e.g.*, *Ramos v. Telgian Corp.*, 176 F. Supp. 3d 181, 193-201 (E.D.N.Y. 2016) (applying the Fluctuating workweek method to both the FLSA and NYLL unpaid overtime claims); *Xin Wei Liu v. Matsuya Quality Japanese Inc.*, 2018 WL 3213275, *6 (E.D.N.Y. Jun. 29, 2018) (noting that the fluctuating workweek method is an alternative way of calculating a restaurant employee's regular rate on the FLSA and NYLL overtime claims); *Martinez v. Hilton Hotels Corp.*, 930 F.Supp.2d 508 (S.D.N.Y. 2013) (analyzing defendant-employer's motion for partial summary judgment by applying the fluctuating workweek method in calculating overtime wages for hotel housekeeping employees).

Thus, Defendants should be permitted to use the fluctuating workweek method to calculate any unpaid overtime wages under the NYLL if Defendants meet the burden to prove all five required elements. *See* discussion *supra* I.A.

### C. Unpaid Spread-of-Hours Premium Claim.

Plaintiffs' next remining claim is unpaid spread-of-hours premium under 12 N.Y.C.R.R. § 146-1.6 and NYLL § 663.1.

When the spread of hours – the length of the interval between the beginning and end of an employee's workday – exceeds ten hours, an employee is entitled to one additional hour of pay at the basic minimum hourly rate. *See* 12 N.Y.C.R.R. § 146-1.6.

Defendants contend that because both Plaintiffs' spread of hours did not exceed ten hours a day at any given workday throughout their employment, Plaintiffs were not entitled to any spread-of-hours premium. *See* discussion *supra* I.A.

In the event that the jury finds that there was a workday on which Plaintiffs' spread of hours exceeded ten hours, Plaintiffs may be entitled to an additional $13.50 in 2019 and $15.00

in 2020 for that particular workday because the number of employees employed by Defendants at any given time in 2019 was ten or fewer. *See* 12 N.Y.C.R.R. § 146-1.2 (the basic minimum hourly rate was $13.50 in 2019 and $15.00 in 2020 for small employers in New York City).

Defendants will establish that Plaintiff Cui did not work more than 100 days in 2019 and 44 days in 2020, and Plaintiff Zheng did not work more than 180 days in 2019 and 55 days in 2020.

### D.    Alleged Violation of the New York Labor Law Notice Requirements.

Plaintiffs' fourth remaining claim in this litigation is Defendants' alleged failure to provide a notice pursuant to NYLL §§ 195.1, 198.1-b.

NYLL 195(1) sets forth that an employer should provide his or her employee, in writing in English and in the language identified by each employee as the primary language, a notice containing information, including, the rate of pay and the basis thereof, allowances claimed as part of the minimum wage, regular pay day, the employer's name and "doing business as" name, the employer's physical and mailing address, and employer's telephone number, at the times the employee was hired. NYLL § 195(1)(a).  An employee who does not receive a wage notice within ten business days of their first day of employment may recover $50.00 for "each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars." NYLL § 198(1-b).

Here, Plaintiffs cannot establish that Plaintiffs have standing to maintain their wage notice claim because said claim lacks subject matter jurisdiction in federal courts.

In the wake of the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190 (2021), courts in this Circuit have held that plaintiff lacks standing to bring wage notice and statement claims under the NYLL absent any concrete, downstream consequences of the

recordkeeping violation. *See Sevilla v. House of Salads One LLC*, 2022 WL 954740, *7 (E.D.N.Y. Mar. 30, 2022) (technical statutory violations of NYLL §§ 195[1][a] and 195[3] do not lead to a tangible injury or something akin to a traditional cause of action; thus, they cannot sustain Article III standing).

Here, throughout this litigation, Plaintiffs never alleged any actual, concrete harm to Plaintiffs resulting from Defendants' alleged technical violation of NYLL § 195(1)(a). Therefore, Plaintiffs' wage notice claim should be dismissed for lack of subject matter jurisdiction. Accordingly, Plaintiffs are not entitled to any damages under their wage notice claim.

### E. Alleged Violation of the New York Labor Law Wage Statement Requirements.

Plaintiffs' last remining claim is Defendants' alleged failure to provide a wage statement pursuant to NYLL §§ 195.3, 198.1-d.

The NYLL also requires employers to provide employees with wage statements with every payment of wages that list information such as the pay period, names of the employee and employer, the employee's contact information, and the rate and basis for pay. NYLL § 195(3). An employee who does not receive wage statements with each payment of wages may recover $250.00 for "each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars." NYLL § 198(1-d).

Again, Plaintiffs cannot establish that Plaintiffs' wage statement claim sustains Article III standing, as they never alleged actual, concrete damages resulting from Defendants' alleged violation of NYLL § 195(3). Accordingly, Plaintiffs' wage statement claim should be dismissed.

### F. Good Faith

Under the FLSA and NYLL, employees may be entitled to liquidated damages equal to the amount owed for unpaid wages. *See* 29 U.S.C. § 216(b); NYLL § 198(1-a). Liquidated damages are recoverable "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." NYLL § 198(1-a); *see also* 29 U.S.C. § 260 (giving courts discretion to award no liquidated damages where the employer makes a showing of good faith). The Second Circuit has interpreted the NYLL to preclude the duplicate award of liquidated damages under both the NYLL and FLSA. *See Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018).

To establish good faith, a defendant must show, by plain and substantial evidence, that it at least had an honest intention to ascertain what the FLSA requires and to comply with it. *Reich v. Southern New England Telecommunications Corp.*, 121 F.3d 58, 71 (2d Cir. 1997).

Here, Defendants will establish at trial that Defendants acted in good faith by taking active steps to ascertain the FLSA and NYLL overtime requirements and then moving to comply with them. For each claim, Defendants contend that no wages are owed to Plaintiffs. In the absence of any damages, no liquidated damages should be awarded.

## II. CONCLUSION

For the foregoing reasons, Plaintiffs are not entitled to any damages.

Dated: November 16, 2023
      New York, New York

                                     Respectfully submitted,

                                     **AHNE & JI, LLP**

                              By:    /s/ Younghoon Ji
                                          Younghoon Ji, Esq.
                                          Joon Harold Lee, Esq.
                                          *Attorneys for Defendants*
                                          45 East 34th Street, 5th Floor

New York, New York 10016
Tel. (212) 594-1035
Email: yji@ahnejillp.com
hlee@ahnejillp.com