**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT COURT OF NEW YORK**
------------------------------------------------------------------x
CHENG ZHE CUI and
JINGHUA ZHENG,

                              Plaintiffs,        Case No. 20-cv-03667 (OEM) (MMH)

          v.

D PRIME INC.
      d/b/a SungBookDong BBQ,
MI SUK CHOI
      a/k/a Misuk Choi, and
WON BOK CHOI
      a/k/a Wonbok Choi,

                              Defendants.

**PLAINTIFFS' STATEMENT OF DAMAGES**

------------------------------------------------------------------x

Plaintiffs CHENG ZHE CUI and JINGHUA ZHENG, by and through counsel, hereby submit the following statement of damages pursuant to Rule V(D)(7)(a) of the Individual Practices and Rules of the Honorable Orelia E. Merchant, United States District Judge.

The following causes of action raised by Plaintiffs in the Complaint remain to be tried:

1. Whether Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiffs overtime for hours worked in excess of forty each week at a rate equal to one and one-half times their regular rate or the minimum wage, whichever was higher pursuant to 29 U.S.C. §§ 207(a), 216(b);

2. Whether Defendants violated the Hospitality Industry Wage Order ("Wage Order") implementing the Minimum Wage Act ("MWA"), Article 19 of the New York Labor Law ("NYLL") by failing to pay Plaintiffs overtime for hours worked in excess of forty each week at a rate equal to one and one-half times their regular rates or the minimum wage, whichever was higher pursuant to 12 N.Y.C.R.R. § 146-1.4 and N.Y. Lab. L. § 663.1;

1

3. Whether Defendants violated the Wage Order by failing to pay Plaintiffs one additional hour's pay at the basic minimum hourly rate each day when their spreads of hours exceeded ten hours pursuant to 12 N.Y.C.R.R. § 146-1.6 and N.Y. Lab. L. § 663.1;

4. Whether Defendants violated the NYLL by failing to provide Plaintiffs with notices containing their rates of pay and the bases thereof, allowances claimed as part of the minimum wage, regular pay day, employer's name and "doing business as" name, employer's physical and mailing address, and employer's telephone number, in English and in Chinese, at the times Plaintiffs were hired pursuant to N.Y. Lab. L. §§ 195.1, 198.1-b; and

5. Whether Defendants violated the NYLL by failing to provide Plaintiffs with statements with each payment of wages listing their pay periods, names, employer's name, employer's address and telephone number, rates of pay and bases thereof, allowances claimed as part of the minimum wage, and net wages pursuant to N.Y. Lab. L. §§ 195.3, 198.1-d.

There is no private right of action to enforce Plaintiffs' causes of action in the Complaint for failures to provide meal periods and to keep records and as such no damages are available. *See Hernandez v. Staten Island Univ. Hosp./Northwell Health*, No. 22-cv-03572 (RPK) (JRC), 2023 U.S. Dist. LEXIS 145507, at *11 (E.D.N.Y. Aug. 18, 2023) ("[I]t is well established that there is no private right of action to enforce [N.Y. Lab. L. § 162, requiring employers to provide employees with meal breaks of specified lengths based on the times and durations of their shifts].… Similarly, there is no independent cause of action for violations of the New York Labor Law's recordkeeping provisions.") (collecting cases), *report and recommendation adopted*, 2023 U.S. Dist. LEXIS 157942 (E.D.N.Y. Sep. 6, 2023).

I. **Inputs**

However, the FLSA and NYLL, and their respective implementing regulations, require employers to maintain accurate records of the hours and wages of their employees. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2(a), 516.5, 516.6; N.Y. Lab. L. § 195.4; 12 N.Y.C.R.R. § 146-2.1. In situations where an employer's records are inaccurate or inadequate, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). The employer's records are facially inadequate and inaccurate here. *See* Trial Ex. 2 (page 1, Plaintiff Cui; page 2, Plaintiff Zheng). The employer's records for each of the Plaintiffs consist, in their entirety, of a single page listing their weeks purportedly worked between December 16, 2019 and April 17, 2020 (Plaintiff Cui alleges he was employed since May 2019; Plaintiff Zheng alleges he was employed since April 2019), followed by what purports to be the their signatures—but with fields for the Plaintiffs' regular hours, overtime hours, total hours, regular wage rate, overtime wage rate, tip amount, gross compensation, taxes deducted, and net wages all being blank despite there being fields for them; and there not even being fields to fill out what days during the week Plaintiffs worked, or what times they clocked in and clocked out during those days. Accordingly, Plaintiffs' burden is to show their terms of employment, hours per week, and compensation as a matter of just and reasonable inference. *See Mt. Clemens Pottery*, 328 U.S. at 687. "As courts have found, a plaintiff can meet this burden by relying on recollection alone." *Berrios v. Nicholas Zito Stable, Inc.*, 849 F. Supp. 2d 372, 380 (E.D.N.Y. 2012) (internal quotation marks and citations omitted); *see also Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011) ("It is well settled among the district courts of this Circuit, and we agree, that it is possible for a plaintiff to meet this burden through estimates based on his own recollection."). Under the

FLSA, "[t]he burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Mt. Clemens Pottery*, 328 U.S. at 687–88; *see also Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997) ("Upon meeting this evidentiary threshold, the fact of damage is established, and the only potential uncertainty is in the amount.").

"A similar standard applies to unpaid compensation claims under the NYLL. But under the NYLL, an employer who fails to keep accurate records shoulders a more stringent burden of proof: NYLL § 196-a provides that where an employer fails to keep adequate records or provide statements of wages to employees as required by the statute, the employer shall bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements." *Gonzalez v. Allied Concrete Indus.*, 575 F. Supp. 3d 336, 341 (E.D.N.Y. 2021) (internal citations and quotation marks omitted); *see also* N.Y. Lab. L. § 196-a; *Chichinadze v. BG Bar Inc.*, 517 F. Supp. 3d 240, 252–53 (S.D.N.Y. 2021); *Canelas v. World Pizza, Inc.*, No. 14-cv-07748 (ER), 2017 U.S. Dist. LEXIS 50615, 2017 WL 1233998, at *9 (S.D.N.Y. Mar. 31, 2017); *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 497 (S.D.N.Y. 2017), *aff'd* 752 F. Appx. 33 (2d Cir. 2018) (summary order). "By its terms, the NYLL—unlike the FLSA—does not permit an employer to discharge this burden by undermining the reasonableness of an employee's evidence that he was underpaid. In contrast, the NYLL requires that an employer demonstrate by a preponderance of the evidence that it in fact paid its employees wages, benefits, and wage supplements." *Id.* (internal

quotation marks and citations omitted). Defendants will be unable to meet either this or the less demanding FLSA standard.

All of which is to say, Plaintiffs rely upon their recollections, which also formed the basis of their allegations in the Complaint, Dkt. No. 1, to input their periods of employments, workdays per week (Plaintiff Zheng's 6.5 days per week from April 16, 2019 through June 29, 2019 is the average of six days and seven days per week, as he alleges he worked six days some weeks and seven days other weeks during this period), times in, times out, break hours, and weekly salaries.

## II.    Calculations

Hours / Day are calculated by subtracting the time in from the time out, and further subtracting break hours from the figure thus found. *See Villanueva v. 179 Third Ave. Rest. Inc.*, 500 F. Supp. 3d 219, 235 (S.D.N.Y. 2020) ("Under both the FLSA and NYLL, all of the time worked during a continuous workday is compensable, save for bona fide meal breaks. For a break to so qualify, the employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period, but rest periods of short duration, running from 5 minutes to about 20 minutes are customarily paid for as working time and must be counted as hours worked.") (internal quotation marks, citations, and alterations omitted).

Days / Week Spread of Hours > 10 Hours are calculated by subtracting the time in from the time out, assigning the value 1 if the result is greater than 10 and the value 0 if the result is equal to or less than 10, and multiplying the value thus obtained by the Workdays / Week.

The Hours / Week are calculated by multiplying the Hours / Day by the Workdays / Week.

Regular Hourly Wage is calculated by dividing Weekly Salary by the lesser of 40 hours / week and the Hours / Week calculated according to the method above. This method of finding the

5

regular hourly rate is proper under both the FLSA and the NYLL. Under the FLSA, "'[t]here is a rebuttable presumption that a weekly salary covers 40 hours." *Saldarriaga v. IND Glatt, Inc.*, No. 17-cv-02904 (PKC) (SMG), 2019 U.S. Dist. LEXIS 49365, at *8 (E.D.N.Y. Mar. 25, 2019) (quoting *Giles v. City of New York*, 41 F. Supp. 2d 308, 316 (S.D.N.Y. 1999); *Berrios*, 849 F. Supp. 2d at 385). While "the employer can rebut the presumption by showing an employer-employee agreement that the salary cover a different number of hours," *Id.* (internal quotation marks and citations omitted), Defendants will be unable to do so here. "This employer-employee agreement must show that both employees and the employer are aware that overtime compensation in a specific amount is included in the agreement so that the remedial and humanitarian purposes of the FLSA are fulfilled." *Id.* (internal quotation marks and citations omitted). Defendants have not sought to introduce, and cannot rely on, a written employment contract, but "[w]hile the lack of an employment contract certainly does not help Defendants' argument, it may not be fatal either." *Berrios*, 849 F. Supp. 2d at 385. "In the absence of any written instrument memorializing the parties' intentions, the [fact-finder] must infer the terms of their agreement from the entire course of their conduct, based on the testimonial and documentary evidence in the record." *Moon v. Kwon*, 248 F. Supp. 2d 201, 230 (S.D.N.Y. 2002). "This course of conduct must demonstrate that *both* parties understood what the agreement was." *Saldarriaga*, 2019 U.S. Dist. LEXIS 49365, at *9–10 (emphasis in original). "Evidence of only one party's intention or understanding will not be enough." *Id.*, at *10. In particular, Defendants will be unable to meet their burden of proving each element of the fluctuating work week test. *See* 29 C.F.R. § 778.114. The Plaintiffs' hours did not fluctuate from week to week, but remained stable either throughout their employments (for Cui) or for long stretches at a time (for Zheng); the Defendants' and Plaintiffs understanding as to what

the Plaintiffs' wages was compensating for was neither clear nor mutual; and the Plaintiffs' salaries did not include a 50% overtime premium.

But the question of what method of calculation to use under the FLSA is somewhat beside the point. Plaintiffs can only collect under one of the FLSA and the NYLL, and "may recover under the statute that provides the greater relief." *Valerio v. K.A.M. Food Store, Inc.*, No. 19-cv-00593 (MKB) (LB), 2019 U.S. Dist. LEXIS 221727, at *10 (E.D.N.Y. Dec. 26, 2019) (citing *Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 316–17 (S.D.N.Y. 2014). Here, the NYLL provides greater relief, as the FLSA does not provide for spread-of-hours damages and what's more does not provide for recovery of both liquidated damages and prejudgment interest, while the NYLL does. *See* 12 N.Y.C.R.R. § 146-1.6; *see also Brito v. Marina's Bakery Corp.*, No. 19-cv-00828 (KAM) (MMH), 2022 U.S. Dist. LEXIS 53351, at *62 (E.D.N.Y. Mar. 24, 2022) ("Prejudgment interest is not available where a Plaintiff successfully obtains liquidated damages under the FLSA, as the plaintiff is considered to have been appropriately compensated through the award of liquidated damages.… [But] the Court has awarded liquidated damages under the NYLL. Accordingly, Plaintiffs may appropriately seek prejudgment interest."). Under the NYLL, the only permitted method of calculating a hospitality industry employee's regular hourly rate from their weekly salary is to divide the weekly salary by the lesser of 40 hours per week or the actual hours per week. *See* 12 N.Y.C.R.R. § 3.5; *see also Yang Shen v. GJ Grp. USA Inc.*, No. 19-cv-02212 (ERK) (PK), U.S. Dist. LEXIS 171562, at *22–23 (E.D.N.Y. Sep. 8, 2021) ("Unlike the FLSA and those NYLL provisions covering the non-hospitality industry, the Hospitality Wage Order contains no mechanism for rebutting the calculation based on a maximum 40-hour work week with evidence that the employee had an agreement with the employer to work more than 40 hours a week."); *Romero v. Rung Charoen Sub, Inc.*, No. 16-cv-01239 (VMS), 2017 U.S. Dist. LEXIS, at

*27 (E.D.N.Y. Sep. 30 2017) ("Defendants paid Plaintiff on a daily rather than hourly basis. Accordingly, the Court *must* determine Plaintiff's regular hourly and overtime rates under the NYLL by dividing Plaintiff's total weekly earnings by 40 hours per week (which is less than the hours he worked in any given week).") (emphasis added); *Quiroz v. Luigi's Dolceria, Inc.*, No. 14-cv-00781 (VVP), 2016 U.S. Dist. LEXIS 64662, at *9–13 (E.D.N.Y. May 17, 2016) (noting that the Hospitality Industry Wage Order mandates division of a restaurant employee's weekly salary by the lesser of 40 hours or the hours performed, distinguishing this method from the method under the FLSA's regulations, and noting the disparate outcomes).

The Minimum Hourly Wage is that set forth in the respective statutes (and the Wage Order). *See* 29 U.S.C. § 206; N.Y. Lab. L. § 652; 12 N.Y.C.R.R. § 146-1.2(a)(1)(i)(a) (Plaintiff alleges, and Defendants admit in Trial Ex. 3, that Defendants had more than 11 employees at a time in 2019; and in 2020, the minimum wage was $15.00 per hour for both large and small employers).

The Overtime Shortfall / Week under both statutes is calculated the same way (though, for the reasons set forth above, only the damages under the NYLL factor into the final calculation). Subtract 40 from the Hours / Week. If the figure thus obtained is greater than 0, multiply it by the higher of the Regular Hourly Wage and the Minimum Hourly Wage, and further multiply the figure thus obtained by 1.5. As courts in this District have repeatedly recognized, under the Hospitality Industry Wage Order, a salaried employee is *necessarily* only compensated for the lesser of his hours worked per week or 40 hours per week, at his regular rate found by dividing his weekly salary by the lesser of his hours worked or 40 hours, and he is entitled to pay for each overtime hour at a rate 1.5 times his regular rate, and to spread of time. *See Lopez v. Royal Thai Plus, LLC*, No. 16-cv-04028 (NGG) (SJB), 2018 U.S. Dist. LEXIS 20271, at *19 (E.D.N.Y. Feb. 6, 2018) (New York's hospitality industry regulations determine hourly wage rate by dividing

weekly wages by the lesser of 40 or actual hours worked; the assumption embedded in such a calculation is that, unless evidence suggests otherwise, none of the paid wages are to be credited to overtime. Or put differently, for [P]laintiff under NYLL, the $700 he was paid was for the first 40 hours he worked; for the additional 39 overtime hours he worked, he received nothing.); *Pichardo v. El Mismo Rincon Latino Corp.*, No. 17-cv-07439 (FB) (SJB), 2018 U.S. Dist. LEXIS 134792, at *17 (E.D.N.Y. Aug. 7, 2018) (same); *Yunganaula v. Garcia*, No. 19-cv-06247 (EK) (SJB), 2021 U.S. Dist. LEIXS 151498, at *24–25 (E.D.N.Y. Aug. 11, 2021) (same); *see also Pichardo*, at *22 ("[H]ospitality industry regulations [] credit[] an employee's weekly salary—no matter how large—to the first 40 hours of work."); *Quiroz v. Luigi's Dolceria, Inc.*, No. 14-cv-00871, 2016 U.S. Dist. LEXIS 64662, at *13–14 n.5 (E.D.N.Y. May 17, 2016) ("The hospitality industry regulations that became effective on January 1, 2011 now require that virtually all hospitality industry employees be paid on an hourly basis, and specifically prohibit employers from paying weekly salaries.") (citation omitted).

By the same token, a flat weekly salary under the Wage Order cannot include a spread-of-hours premium either. Accordingly, the Spread of Hours Shortfall / Week is calculated by multiplying the New York minimum wage by the Days / Week Spread of Hours > 10 Hours.

Overtime Shortfall / Period and Spread of Hours Shortfall / Period are calculated by multiplying Overtime Shortfall / Week, and Spread of Hours Shortfall / Week, respectively, by the Weeks / Period. Plaintiff Cui is seeking **$46,660.71** in Overtime Shortfall, and **$3,355.71** in Spread of Hours Shortfall. Plaintiff Zheng is seeking **$54,829.42** in Overtime Shortfall, and **$2,365.07** in Spread of Hours Shortfall.

The Total Shortfall / Period under the FLSA and NYLL is the sum total of all "[item] Shortfall / Periods." Liquidated Damages / Period are equal thereto, though only NYLL's

liquidated damages are summed in the final total. *See* 29 U.S.C. § 216(b); N.Y. Lab. L. §§ 663.1; *see also Lopic v. Mookyodong Yoojung Nakjie, Inc.*, No. 16-cv-04179 (KAM) (CLP), 2017 U.S. Dist. LEXIS 216249, at *25–26 (E.D.N.Y. Sep. 30, 2017) ("A district court is [] generally required to award a plaintiff liquidated damages for violations of the FLSA's overtime provisions" but "has discretion to deny liquidated damages where the employer shows that, despite its failure to pay appropriate wages, it acted in subjective good faith with objectively reasonable grounds for believing that its acts or omissions did not violate the FLSA," which it can do by showing that it took "active steps to ascertain the dictates of the FLSA, and then act[ed] to comply with them." "There is no material distinction between the federal and [New York] state standards of good faith.") (internal citations, quotation marks, and alterations omitted). Here, Defendants can meet neither prong, but especially the second—having in their possession time and pay record forms, they failed to keep records. *See* Trial Ex. 2.

Prejudgment Interest is calculated on Total Shortfall, from the midpoint of each Plaintiff's employment through today (ultimately it must be calculated through the date of judgment, if the Plaintiff prevails), at a rate of 9% *per annum*. *See* N.Y. Lab. L. § 663.1; N.Y. C.P.L.R. § 5004; *see also Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d at 515. At the time of writing, this amounts to **$18,475.85** for Plaintiff Cui, and **$21,499.27** for Plaintiff Zheng.

Each Plaintiff's Wage Notice Damages are calculated by multiplying the sum total workdays throughout their employment by $50.00 per day, and Wage Statements Damages are calculated by multiplying the sum total workdays throughout their employment by $250.00 per day, each such claim up to a cap of **$5,000.00**. *See* N.Y. Lab. L. §§ 198.1-b, 198.1-d. Plaintiffs' standing to pursue these claims is briefed separately pursuant to the Court's Minute Entry and Order of November 17, 2023.

Altogether, Plaintiff Cui is seeking **$123,508.71**, and Plaintiff Zheng is seeking **$140,820.25** (both amounts subject to adjustment as prejudgment interest continues to accrue).

Dated: Flushing, NY
November 20, 2023

                                                          TROY LAW, PLLC

                                                          */s/ Aaron B. Schweitzer*
                                                          Aaron B. Schweitzer
                                                          Tiffany Troy
                                                          John Troy
                                                          41-25 Kissena Boulevard
                                                          Suite 110
                                                          Flushing, NY 11355
                                                          Tel: (718) 762-1324
                                                          Fax: (718) 762-1342
                                                          troylaw@troypllc.com