UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CHENG ZHE CUI and JINGHUA ZHENG,

                Plaintiffs,

                                   **ORDER**

       -against-                          20-CV-03667 (OEM) (MMH)

D PRIME, INC., d/b/a SungBookDong BBQ,
MI SUK CHOI, a/k/a Misuk Choi, and
WON BOK CHOI, a/k/a Wonbok Choi,

                Defendants.
-------------------------------------------------------------------x

**ORELIA E. MERCHANT, United States District Judge:**

       On November 17, 2023, the Court directed Plaintiffs to show cause as to why their New York Wage Theft Protection Act claims for failure to provide wage notice and statements brought as required by New York Labor Law §§ 195(1) and 195(3) (the "WTPA Claims") should not be dismissed for lack of Article III standing given the Supreme Court's decision in *TransUnion LLC v. Ramirez,* 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021) and *Chen v. Lilis 200 W. 57th Corp.*, No. 19-CV-7654 (VEC), 2023 WL 2388728 (S.D.N.Y. Mar. 7, 2023).

       On November 20, 2023, Plaintiffs responded to the show cause order with a filing citing various authorities suggesting dismissal was not appropriate. *See* ECF 34. Defendants filed an opposition on November 28, 2023, maintaining that the WTPA claims should be dismissed for lack of subject matter jurisdiction as Plaintiffs had still not plead an injury in fact. *See* ECF 35.

       To the extent Plaintiffs rely on *Stih v. Rockaway Farmers Mkt., Inc.*, No. 22-CV-3228-ARR-RER, 2023 WL 2760492, at *7 (E.D.N.Y. Apr. 3, 2023), *Bueno v. Buzinover*, 2023 U.S. Dist. LEXIS 38154 (S.D.N.Y. Mar. 7, 2023) and *Bello v. Pro-Line Pumping Corp.*, No. 22 CV

4081 (RPK)(RML), 2023 U.S. Dist. LEXIS 106676 (E.D.N.Y. June 20, 2023), these cases are inapposite on their facts and do not control here. In *Stih*, the Court found that plaintiff had demonstrated standing to bring the WTPA claim because the defendants' failure to provide the WTPA statements and notices "denying him the right to be adequately apprised of the terms and conditions of his employment" which specifically included noticing allowances defendants secretly took against his salary. *See Stih*, 2023 WL 2760492, at *7 ("Plaintiff was paid in currency and received room, board, and lodging, in addition to other benefits.").

Furthermore, in *Cartagena v. Sixth Ave. W. Assocs. LLC*, No. 23-CV-3611 (AS), 2023 U.S. Dist. LEXIS 173868, at *5 (S.D.N.Y. Sep. 28, 2023), the court was not persuaded by the WTPA standing found in *Beuno* and *Bello*, but rather relied on *TransUnion* in their decision to deny WTPA claim because the plaintiff did not allege any concrete injury connected to the violation. *Id.* at 7.

In the light of the Supreme Court's decision in *TransUnion*, courts in this Circuit have held that plaintiffs lack standing to bring wage notice and statement claims under the NYLL absent any concrete, downstream consequences of the recordkeeping violation. *Chen v. Lilis 200 W. 57th Corp.*, 2023 WL 2388728, at *8 (S.D.N.Y. Mar. 7, 2023). Here, Plaintiffs do not make an allegation of any concrete injury such that of lack of wage statements preventing from discovery of secret wage deductions, let alone any other injury that is in directly correlated to the alleged lack of the required wage notice and wage statement documents in their complaint. *See* ECF 1. Rather, Plaintiffs assert in their memo to the Court, that Defendants never furnished any notice of their use of tip credit and that Plaintiffs were never informed of their hourly pay rate or deduction towards the minimum wage. *See* ECF 34. Yet Plaintiffs do not allege that they were tipped employees. *See* ECF 1. Since they do not allege an injury in fact, Plaintiffs' vague

allegations that Defendants' violations facilitated their other unlawful conduct do not give rise to a cognizable downstream consequence. *See Chen v. Lilis 200 W. 57th Corp.*, 2023 WL 2388728, at *8 (S.D.N.Y. Mar. 7, 2023); *see also Jackson v. ProAmpac LLC*, F. Supp. 3d , No. 22-CV-03120, 2023 WL 6215324, at *4 (S.D.N.Y. Sept. 25, 2023) ("Plaintiffs' monetary harm is better traced as an injury flowing from ProAmpac's rounding policy, not ProAmpac's inaccurate wage notices*."); See Quieju v. La Jugueria Inc.*, No. 23-CV-264, 2023 WL 3073518, at *2 (E.D.N.Y. Apr. 25, 2023) ("The injury that plaintiff suffered (i.e., defendants' failure to properly pay him) is not an injury he sustained because of a lack of the required documents; it is an injury sustained because his employer violated its obligation to pay minimum wage, overtime, and spread-of-hours pay under other, express requirements of federal and state law.").

Accordingly, Plaintiffs' wage notice and wage statement claims (Complaint [ECF 1], Counts VI & VII) are DISMISSED for lack of standing.

**SO ORDERED.**

/s/ Orelia E. Merchant
ORELIA E. MERCHANT
United States District Judge

November 30, 2023
Brooklyn, New York