**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT COURT OF NEW YORK**
------------------------------------------------------------------x
CHENG ZHE CUI and JINGHUA ZHENG,

                Plaintiffs,

                v.                                  **PRETRIAL ORDER**
                                                               20-CV-3667 (OEM)
D PRIME, INC., d/b/a SungBookDong BBQ,
MI SUK CHOI, a/k/a Misuk Choi, and
WON BOK CHOI, a/k/a Wonbok Choi,

                Defendants.
------------------------------------------------------------------X

**ORELIA E. MERCHANT, United States District Judge:**

      The parties, having conferred pursuant to Fed. R. Civ. P. 16 and the Hon. Orelia E. Merchant's Individual Rules and Practices, the following matters have been agreed to by counsel, and are hereby ordered:

**I. CAPTION**

      See above.

**II. TRIAL COUNSEL**

| For Plaintiffs | For Defendants |
|---|---|
| TROY LAW, PLLC | AHNE & JI, LLP |
| Aaron B. Schweitzer | Younghoon Ji |
| Tiffany Troy | Harold Lee |
| John Troy | |
| | |
| 41-25 Kissena Boulevard, Suite 110 | 45 East 34th Street, 5th Floor |
| Flushing, NY 11355 | New York, NY 10016 |
| Tel: (718) 762-1324 | Tel: (212) 594-1035 |
| Fax: (718) 762-1342 | yji@ahnejillp.com |
| troylaw@troypllc.com | hlee@ahnejillp.com |

### III. SUBJECT-MATTER JURISDICTION

Plaintiffs Statement of Jurisdiction:

This court has subject-matter jurisdiction over Plaintiff's claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, pursuant to 28 U.S.C. § 1331, because these claims arise under the laws of the United States.

This court has supplemental jurisdiction over Plaintiff's claims arising under the New York Labor Law ("NYLL") pursuant to 28 U.S.C. § 1367(a), because these claims are so related to Plaintiff's claims arising under the FLSA respectively that they form part of the same case or controversy under Article III of the United States Constitution.

Defendants Statement of Jurisdiction:

Defendants dispute that this Court has subject matter jurisdiction over this action.

### IV. CLAIMS & DEFENSES

Plaintiffs' Claims Remaining to be Tried:

1. Whether Defendants violated the FLSA by failing to pay Plaintiff overtime for hours worked in excess of forty each week at a rate equal to one and one-half times his regular rate or the minimum wage, whichever was higher. *See* 29 U.S.C. §§ 207(a), 216(b).

2. Whether Defendants violated the Hospitality Industry Wage Order implementing the NYLL by failing to pay Plaintiff overtime for hours worked in excess of forty each week at a rate equal to one and one-half times his regular rate or the minimum wage, whichever was higher. *See* 12 N.Y.C.R.R. § 146-1.4; N.Y. Lab. L. § 663.1.

3. Whether Defendants violated the Hospitality Industry Wage Order implementing the NYLL by failing to pay Plaintiff one additional hour's pay at the basic minimum hourly rate each day when his spread of time exceeded ten hours. *See* 12 N.Y.C.R.R. § 146-1.6; N.Y. Lab. L. § 663.1.

Defendants' Defenses to Plaintiffs' Claims Remaining to be Tried:

1. Plaintiffs' have failed to state a cause of action upon which relief can be granted.

2. Plaintiffs' claims are barred by the doctrine of waiver.

3. Plaintiffs' claims for damages are barred or reduced, in whole or in part, to the extent they failed to properly mitigate the alleged damages.

4. Plaintiffs' claims are barred by the doctrine of release.

5. Plaintiffs' claims are barred by the doctrine of accord and satisfaction, settlement, and/or payment and release.

6. Defendants invoke the defenses, protections, and limitations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.

7. Plaintiffs' claims are barred to the extent that Plaintiffs seek recovery for time that is not compensable time, *i.e.*, "hours worked," under the Fair Labor Standards Act.

8. Plaintiff Zheng's claims are barred, as the Fair Labor Standards Act's executive exemption applies to Plaintiff Zheng.

9. To the extent that Plaintiffs seek punitive and liquidated damages, Plaintiffs are not entitled to punitive and liquidated damages, as Defendants did not act or fail to act in a manner sufficient to give rise to punitive and liquidated damages liabilities.

## V. FACT FINDER & TRIAL LENGTH

This case is to be tried to a jury. The trial should last no more than five (5) days, including jury selection and deliberation, and no more than two to three days for presentation of evidence.

## VI. WITNESSES

Plaintiffs' Witnesses:

1. Cheng Zhe Cui, c/o Troy Law, PLLC, 41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355, will testify as to the length of his term of employment, his job duties, his boss(es) and supervisor(s), his schedule, his hours worked, his compensation, his hiring and what notice he was given as to his schedule and compensation, whether he was furnished with paystubs, and the injuries he suffered from lack of notice and compensation;

2. Jinghua Zheng, c/o Troy Law, PLLC, 41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355, will testify as to the length of his term of employment, his job duties, his boss(es) and supervisor(s), his schedule, his hours worked, his compensation, his hiring and what notice he was given as to his schedule and compensation, whether he was furnished with paystubs, and the injuries he suffered from lack of notice and compensation;

Defendants' Witnesses:

1. Mi Suk Choi, in person. Mi Suk Choi has substantial knowledge or information of the subject matter of this action and/or any relevant facts pertaining to this case, including Plaintiffs' job responsibilities, wages paid, and hours worked and

>    Defendant D Prime Inc.'s operations, structure, policies, procedures, and practices, as the owner of Defendant D Prime Inc.
>
> 2. Won Bok Choi, in person.  Won Bok Choi will testify that he never was involved with the operation of Defendant D Prime Inc. in any capacity.  He will testify that he never had any ownership interest in D Prime Inc.  He will testify that he never was an employer of Plaintiffs.

In addition to the above two witnesses previously disclosed during discovery, on November 28, 2023, for the first time in this litigation, and two business days before trial, defendants indicated that they wish to call the following witness:

>    Haejun Park, in person (rebuttal witness).  Haejun Park has substantial knowledge or information of the subject matter of this action and/or any relevant facts pertaining to this case, including Plaintiffs' job responsibilities, wages paid, and hours worked and Defendant D Prime Inc.'s operations, structure, policies, procedures, and practices, as the employee of Defendant D Prime Inc.

In addition, Defendants aver that they do not waive their right to assert objections to all or part of a witness' testimony at trial or to withdraw the witness from Defendants' witness list.  In addition, Defendants aver that they reserve the right to call impeachment and rebuttal witnesses, whether or not listed here.

Defendants further indicate that they seek to reserve the right: (i) not to call any persons on this list; (ii) to call any persons on Plaintiff's witness list (without waiver of any objection to certain witnesses for any purpose); (iii) to call witnesses discovered as a result of documents produced subsequent to the date of this Pretrial Order; (iv) to call custodians of documents as may be necessary; (v) to call rebuttal and/or impeachment witnesses, if necessary, not listed herein; and (vi) to introduce testimony by way of deposition transcript and/or video tape recording in the event that a witness is unavailable.

Plaintiffs object to reservations (iii) and (iv) as contrary to Rule 26 of the Federal Rules of Civil Procedure.

Further, Plaintiffs object to Haejun Park as not having been identified, to any extent, in Defendants' Initial Disclosures on October 27, 2020; to not having been identified in any amended Initial Disclosures (as there were none); to not having been identified on December 22, 2023 in response to Plaintiff's Interrogatory No. 2 ("Identify each and every person whom you believe has knowledge or information concerning the allegations contained in the Complaint and the Defendants' respective Answers filed thereto in this action, and set forth a general description of the knowledge or information that each and every person is believed to possess." Response: "Mi Suk Choi and the Plaintiffs. Defendants reserve the right to supplement their response to this Interrogatory."); and to not having been identified in any amended Interrogatory responses (there were none such). A "Hae Jun Park" was identified by name, address, telephone number, and as an "executive chef" from August 2019 through at least March 8, 2021 (when the list was produced), in

Defendants' collective list, but this is not adequate to meet the obligations of Rule 26. *See* Fed. R. Civ. P. 26(a)(1) (requiring that persons with discoverable information be identified by "name and, if known, []address and telephone number [] along with the subjects of that discoverable information [of which they are in possession]…."); *see also Rella v. Westchester BMW, Inc.*, No. 16-cv-00916 (AEK), 2022 U.S. Dist. LEXIS 95794, 2022 WL 1711695, at *2 (S.D.N.Y. May 27, 2022) ("The fact that certain potential witnesses are mentioned in [discovery] does not absolve a party of its obligation to make the disclosures that are required by Rule 26(a)(1)(A)(i), or to supplement those disclosures as required by Rule 26(e). If mere mention of a name [] were sufficient to constitute notice about a potential trial witness to an opposing party, the Rule 26(a)(1)(A)(i) disclosure requirements would be rendered virtually meaningless, and parties would constantly be left guessing about which witnesses they should depose in advance of trial."); *see also Yin v. Alvarado*, No. 11-cv-00780 (EAW), 2016 U.S. Dist. LEXIS 1281695, at *2 (W.D.N.Y. Sep. 20, 2016) (rejecting argument that "witnesses' identities [being] available through deposition testimony, interrogatories, and requests for documents and authorizations" relieved party of obligation to disclose witnesses and subject matter of their expected testimony) (citing *Coleman v. City of Niagara Falls*, No. 09-cv-00157S, 2015 U.S. Dist. LEXIS 89989, 2015 WL 4208602, at *1 (W.D.N.Y. July 10, 2015) ("This requirement [of initial disclosure] is designed to alert an opposing party of the need to take discovery of the named individuals. [] For that reason, it is generally not enough for a party to rely on other avenues through which an opposing party may learn of the existence of a witness; the disclosing party's obligation is fulfilled only when it affirmatively identifies and discloses its potential witnesses.") (citing *Pal v. N.Y. Univ.*, No. 06-cv-05892 (PAC) (FM), 2008 U.S. Dist. LEXIS 50902, 2008 WL 2627614, at *4 (S.D.N.Y. June 30, 2008))); *Lebada v. New York City Dep't of Educ.*, 2016 U.S. Dist. LEXIS 18461, 2016 WL 626059, at *5 (S.D.N.Y. Feb. 8, 2016), *objections overruled*, 2016 U.S. Dist. LEXIS 185228, 2016 WL 8453417 (S.D.N.Y. May 16, 2016) ("[A] party's mere 'knowledge of the existence of a witness does not satisfy the Rule 26(a)(1)(A) disclosure obligation; that obligation is fulfilled only if [the disclosing party] informed [the opposing party] that it might call the witness.'") (citing *Pal*, 2008 WL 2627614, at *4; *Fleming v. Verizon New York, Inc.*, 2006 U.S. Dist. LEXIS 68632, 2006 WL 2709766, at *9 (S.D.N.Y. Sep. 22, 2006))). "If anything, [Defendants'] explanation cuts *against* the requested testimony—by [Defendants'] logic, [they] and [their] counsel have been aware of [this] supposedly relevant witness [] since at least [March 2021], but for [more than two years] failed to take the appropriate steps to identify [him] as [a] potential trial witness []." *Rella*, 2022 WL 1711695, at *2. The importance of Harjun Park's testimony is low. Defendants claim that his testimony is important to rebut Plaintiffs' testimony, but "[do] not elaborate as to how [their] testimony would meaningfully supplement [their] own testimony, given that [they are] expected to testify and [are] percipient witness[es]" as to exactly those matters. *Rella*, 2022 WL 1711695, at *2. Indeed, the description of Haejun Park's anticipated testimony is identical, down to the word (except that "owner" is changed to "employee"), to Mi Suk Choi's, and was likely copy-pasted therefrom. "On the other hand, Plaintiff [] would be prejudiced if [Haejun Park was] permitted to testify. Plaintiffs have not had an opportunity to seek discovery from [him], let alone to follow up on any additional avenues for discovery that might have been generated from [his] depositions []. Courts have recognized that late disclosure of a witness in close proximity to trial 'is plainly prejudicial' to the party against who[m] the testimony

would be offered." *Rella*, 2022 WL 1711695, at *2. (quoting *EMA Fin. LLC v. Joey N.Y., Inc.*, No. 17-cv-09706 (VSB), 2021 WL 2822565, at *2 (S.D.N.Y. June 9, 2021)). And this prejudice is not likely to be cured by a reopening of discovery or continuance of trial, currently scheduled for December 4, 2023. Plaintiffs were further prejudiced by.

Given Defendants' failure to disclose Haejun Park until November 28, 2023, two business days before trial and after the time set for pre-trial motions, the Court set the following briefing schedule for Plaintiffs' motion *in limine*: Plaintiffs' motion *in limine* to be filed by midnight on December 1, 2023, and Defendants' reply, if any, to be field by 2pm on December 2, 2023, and the Court reserves decision with respect to whether this individual may be called to testify as a rebuttal witness at trial.

### VII. DEPOSITION TESTIMONY

Plaintiffs'

M.S. Choi Depo. Tr. 10:14–20
M.S. Choi Depo. Tr. 17:24–18:17
M.S. Choi Depo. Tr. 21:20–22:17
M.S. Choi Depo. Tr. 29:12–13
M.S. Choi Depo Tr. 48:17–23
M.S. Choi Depo. Tr. 66:16–20
M.S. Choi Depo. Tr. 68:17–20

Plaintiffs reserve the right to use the transcript of Plaintiff's deposition to refresh his recollection, and of Defendants' depositions for impeachment purposes.

Defendants'

Defendants will designate deposition testimonies of Plaintiffs and Defendants.

Deposition of Plaintiff Cheng Zhe Cui, January 26, 2022

| BEGIN | END |
|-------|-----|
| 11:9  | 15:3 |
| 15:7  | 17:1 |
| 17:5  | 18:15 |
| 18:22 | 23:7 |
| 23:10 | 33:23 |
| 34:7  | 50:19 |

Deposition of Plaintiff Jinghua Zheng, January 26, 2022

| BEGIN | END |
|-------|-----|
| 14:12 | 18:16 |
| 18:20 | 18:21 |
| 19:4  | 26:6 |

| | |
|---|---|
| 26:11 | 26:19 |
| 26:23 | 27:25 |
| 28:8 | 30:9 |
| 30:15 | 30:17 |
| 30:20 | 31:13 |
| 31:17 | 31:19 |
| 31:25 | 32:18 |
| 32:22 | 37:3 |
| 37:5 | 40:6 |
| 40:22 | 57:4 |
| 57:9 | 60:21 |
| 60:24 | 61:8 |

**VIII.     STIPULATIONS AS TO FACTS OR LAW**

The parties stipulate to the following:

1. D Prime, Inc. is a domestic corporation with a principal address at 248-25 Northern Blvd, Little Neck, NY 11362.  *See* Answer ¶ 11.

2. Mi Suk Choi is the sole officer and possessed full ownership interest in D Prime, Inc. from the incorporation date of November 7, 2018.  *See* Response to Interrogatory No. 3.

3. Mi Suk Choi is also known as Susie.  Mi Suk Choi's maiden name is Kim.  *See* M.S. Choi Depo.  Tr. 6:3-4.

4. Ms. Choi is the only individual with authority to withdraw or deposit money into the Sung Dong Book corporate bank account.  *See* M.S. Choi Depo.  Tr. 20:16-20.

5. Plaintiffs' Counts VI (for failure to provide meal periods) and V (for failure to keep records) are dismissed due to there being no private right of action to enforce NYLL § 160 and 12 N.Y.C.R.R. § 146-2.1.

**IX. EXHIBITS**

Plaintiffs' Proposed Trial Exhibits with Objections and Responses:

| Ex. | Description | Objection(s) | Response(s) |
|---|---|---|---|
| 1 | Certificate of Incorporation of D Prime, Inc. (Defendants' Document Production A) | N/A | |

| | | | |
|---|---|---|---|
| 2 | Weekly Payroll Record (Defendants' Document Production B) | N/A | |
| 3 | GoFundMe Video for Sung Dong Book | N/A | |

Defendants' Proposed Trial Exhibits with Objections and Responses:

| Ex. | Description | Objection(s) | Response(s) |
|---|---|---|---|
| A | Complaint [ECF. Doc. No. 1]. | Fed. R. Evid. 401 (irrelevant), 802 (hearsay) | This document is pleading that initiated this litigation. As such, it is relevant, material, and necessary for prosecution and defense of this litigation.<br><br>"[A]llegations in the Second Amended Complaint are 'judicial admission[s]' by which [plaintiff] was 'bound throughout the course of the proceeding.'" *Official Comm. Of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003). |
| B | Answer [ECF. Doc. No. 15]. | Fed. R. Evid. 401 (irrelevant), 802 (hearsay) | This document is pleading that joined the issue of this litigation. As such, it is relevant, material, and necessary for prosecution and defense of this litigation. |
| C | Weekly Payroll Record. | Fed. R. Evid. 403 (cumulative) | Relevant and necessary for Defendants' defenses to Plaintiffs' claims remaining to be tried.<br><br>Weekly Payroll Record may contain relevant and necessary information pertaining to this case, including Plaintiffs' job responsibilities, wages paid, and hours worked and Defendant D Prime Inc.'s operations, structure, policies, procedures, and practices.<br><br>Excluding relevant evidence pursuant to FRE 403 is "an extraordinary |

| | | | |
|---|---|---|---|
| | | | remedy that must be used sparingly." *Goerge v. Celotex Corp.*, 914 F.2d 26, 31 (2d Cir. 1990). |
| D | Transcript of Deposition of Plaintiff Cheng Zhe Cui. | Fed. R. Evid. 403 (cumulative) | Relevant and necessary for Defendants' defenses to Plaintiffs' claims remaining to be tried.<br><br>Transcript of Deposition of Plaintiff Cheng Zhe Cui may be used for impeachment purposes.<br><br>Transcript of Deposition of Plaintiff Cheng Zhe Cui may contain relevant and necessary information pertaining to this case, including Plaintiffs' job responsibilities, wages paid, and hours worked and Defendant D Prime Inc.'s operations, structure, policies, procedures, and practices.<br><br>Excluding relevant evidence pursuant to FRE 403 is "an extraordinary remedy that must be used sparingly." *Goerge v. Celotex Corp.*, 914 F.2d 26, 31 (2d Cir. 1990). |
| E | Transcript of Deposition of Plaintiff Jinghua Zheng. | Fed. R. Evid. 403 (cumulative) | Relevant and necessary for Defendants' defenses to Plaintiffs' claims remaining to be tried.<br><br>Transcript of Deposition of Plaintiff Jinghua Zheng may be used for impeachment purposes.<br><br>Transcript of Deposition of Plaintiff Jinghua Zheng may contain relevant and necessary information pertaining to this case, including Plaintiffs' job responsibilities, wages paid, and hours worked and Defendant D Prime Inc.'s operations, structure, policies, procedures, and practices.<br><br>Excluding relevant evidence pursuant to FRE 403 is "an extraordinary remedy that must be used sparingly." |

| | | | |
|---|---|---|---|
| | | | *Goerge v. Celotex Corp.*, 914 F.2d 26, 31 (2d Cir. 1990). |
| F | Transcript of Deposition of Defendant Mi Suk Choi. | Fed. R. Evid. 403 (cumulative) | Relevant and necessary for Defendants' defenses to Plaintiffs' claims remaining to be tried.<br><br>Transcript of Deposition of Defendant Mi Suk Choi may be used to refresh recollection.<br><br>Transcript of Deposition of Defendant Mi Suk Choi may contain relevant and necessary information pertaining to this case, including Plaintiffs' job responsibilities, wages paid, and hours worked and Defendant D Prime Inc.'s operations, structure, policies, procedures, and practices.<br><br>Excluding relevant evidence pursuant to FRE 403 is "an extraordinary remedy that must be used sparingly." *Goerge v. Celotex Corp.*, 914 F.2d 26, 31 (2d Cir. 1990). |
| G | Transcript of Deposition of Defendant Won Bok Choi. | N/A | |
| H | Defendants' Request for Production of Documents, dated December 22, 2020. | Fed. R. Evid. 401 (relevance), Fed. R. Evid. 403 (cumulative, confusing), Fed. R. Evid. 802 (hearsay) | Defendants' Request for Production of Documents, dated December 22, 2020, has been propounded as part of the record of this litigation which was produced and exchanged during discovery.<br><br>Defendants' Request for Production of Documents, dated December 22, 2020, is relevant, material, and necessary for prosecution and defense of this litigation. |
| I | Defendants' First Set of Interrogatories, | Fed. R. Evid. 401 (relevance), Fed. R. Evid. 403 | Defendants' First Set of Interrogatories, dated December 22, 2020, has been propounded as part of the record of this litigation which was |

|   | | | |
|---|---|---|---|
|   | dated December 22, 2020. | (cumulative, confusing), Fed. R. Evid. 802 (hearsay) | produced and exchanged during discovery.<br><br>Defendants' First Set of Interrogatories, dated December 22, 2020, is relevant, material, and necessary for prosecution and defense of this litigation. |
| J | Plaintiff's Response to Defendants' First Set of Document Production Requests, dated February 9, 2021. | Fed. R. Evid. 802 (hearsay) | Plaintiff's Response to Defendants' First Set of Document Production Requests, dated February 9, 2021, has been propounded as part of the record of this litigation which was produced and exchanged during discovery.<br><br>Plaintiff's Response to Defendants' First Set of Document Production Requests, dated February 9, 2021, is relevant, material, and necessary for prosecution and defense of this litigation.<br><br>Plaintiff's discovery responses are admissions and thus admissible. *See Bermudez v. City of New York*, 2019 WL 136633, at *16 (E.D.N.Y. Jan. 8, 2019); *see also*, FRE 801(d)(2). |
| K | Plaintiff Cheng Zhe Cui Responses to Defendants' First Set of Interrogatories, dated February 9, 2021. | For impeachment only | Plaintiff Cheng Zhe Cui Responses to Defendants' First Set of Interrogatories, dated February 9, 2021, has been propounded as part of the record of this litigation which was produced and exchanged during discovery.<br><br>Plaintiff Cheng Zhe Cui Responses to Defendants' First Set of Interrogatories, dated February 9, 2021, is relevant, material, and necessary for prosecution and defense of this litigation. |
| L | Plaintiff Jinghua Zheng Responses to Defendants' First | For impeachment only | Plaintiff Jinghua Zheng Responses to Defendants' First Set of Interrogatories, dated February 9, 2021, |

|   | | | |
|---|---|---|---|
|   | Set of Interrogatories, dated February 9, 2021. | | has been propounded as part of the record of this litigation which was produced and exchanged during discovery.<br><br>Plaintiff Jinghua Zheng Responses to Defendants' First Set of Interrogatories, dated February 9, 2021, is relevant, material, and necessary for prosecution and defense of this litigation. |
| M | Defendants' Deficiency Letter to Plaintiffs' Responses to Defendants' Request for Production of Documents and First Set of Interrogatories, dated March 2, 2021. | Fed. R. Evid. 401 (relevance), Fed. R. Evid. 802 (hearsay) | Defendants' Deficiency Letter to Plaintiffs' Responses to Defendants' Request for Production of Documents and First Set of Interrogatories, dated March 2, 2021, has been propounded as part of the record of this litigation which was produced and exchanged during discovery.<br><br>Defendants' Deficiency Letter to Plaintiffs' Responses to Defendants' Request for Production of Documents and First Set of Interrogatories, dated March 2, 2021, is relevant, material, and necessary for prosecution and defense of this litigation. |
| N | Plaintiffs' Response to Defendant's Deficiency Letter, dated September 23, 2021. | Fed. R. Evid. 401 (relevance), Fed. R. Evid. 802 (hearsay) | Plaintiffs' Response to Defendant's Deficiency Letter, dated September 23, 2021, has been propounded as part of the record of this litigation which was produced and exchanged during discovery.<br><br>Plaintiffs' Response to Defendant's Deficiency Letter, dated September 23, 2021, is relevant, material, and necessary for prosecution and defense of this litigation.<br><br>Plaintiff's discovery responses are admissions and thus admissible. *See Bermudez v. City of New York*, 2019 |

| | | | WL 136633, at *16 (E.D.N.Y. Jan. 8, 2019); *see also*, FRE 801(d)(2). |
|---|---|---|---|

Defendants aver that they reserve the right to supplement this exhibit list to respond to any other matters which Plaintiffs may introduce into the case, or as is otherwise appropriate. Defendants also reserve the right to introduce audio and visual demonstrative exhibits.

Plaintiffs object to the reservation of rights to use exhibits not listed on the pretrial order pursuant to Fed. R. Civ. P. 16(e) and not previously disclosed pursuant to Fed. R. Civ. P. 26.

Further, Plaintiffs object to the use of demonstrative exhibits beyond the scope permitted by Fed. R. Evid. 1006 ("to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court"). Defendants have identified no exhibits susceptible to "audio or visual" demonstration.

The Court reserves decision until trial with respect to admissibility of defendants' proposed exhibits.

SO ORDERED.

/s/ Orelia E. Merchant  
ORELIA E. MERCHANT  
United States District Judge

December 2, 2023  
Brooklyn, New York