UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHENG ZHE CUI and JINGHUA ZHENG,

                    Plaintiffs,

           v.

D PRIME INC. d/b/a SungBookDong BBQ, MI
SUK CHOI a/k/a Misuk Choi, and WON BOK
CHOI a/k/a Wonbok Choi,

                 Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

20-CV-03667 (OEM) (MMH)

**ORELIA E. MERCHANT, United States District Judge:**

      Plaintiffs Cheng Zhe Cui ("Cui") and Jinghua Zheng ("Zheng") (collectively "Plaintiffs")

filed suit on August 13, 2020, against defendants D Prime Inc. d/b/a/ SungBookDong BBQ ("D

Prime"), Mi Suk Choi, and Won Bok Choi (collectively, "Defendants") for claims under the New

York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA"). *See* Plaintiffs' Complaint

("Complaint" or "Compl."), ECF 1. On December 8, 2023, after a five-day jury trial, the jury

returned a verdict in favor only of Plaintiff Cui. *See* Jury Verdict Form ("Verdict Form"), ECF

45. Before the Court is Plaintiff Cui's post-trial motion for attorney's fees and costs.[1] *See*

Plaintiff's Notice of Motion for Attorney's Fees and Costs ("Motion" or "Mot."), ECF 47. For the

following reasons, Plaintiff Cui's Motion is granted in part and denied in part.

**BACKGROUND**

      A jury trial in this action commenced on December 1, 2023, and concluded on December

8, 2023. On December 8, 2023, the jury returned a verdict finding in Plaintiff Cui's favor as to his

overtime claims in the amount of $9,598.84, Verdict Form at 6, and his spread-of-hours claims in

---

[1] The parties at times use the plural "Plaintiffs" in relation to the instant motion, including in the names of associated submissions (e.g., "Plaintiffs' Notice of Motion for Attorneys' Fees and Costs"). For clarity, only prevailing Plaintiff Cui is entitled to recover attorney's fees and costs, *see infra* at 3.

1

the amount of $3,420.00.  *Id.* at 7.  However, the jury found no FLSA or NYLL violations with respect to any of plaintiff Zheng's claims, *id*. at 8-9.  *See id.*

On January 9, 2024, Plaintiff Cui filed his Motion accompanied by a Declaration of John Troy ("Troy") in support of Plaintiffs' Motion for Attorneys' Fees and Costs ("Troy Decl."), ECF 48, including an attached exhibit of invoices and receipts, Exhibit 1 Invoices and Receipts ("Bill Stmt."), ECF 48-1, and a memorandum in support of Plaintiffs' Motion.  Plaintiffs' Memorandum of Law in Support of Motion for Attorneys' Fees and Costs ("Pl. Memo"), ECF 49.  Plaintiff Cui seeks $84,196.20 in attorney's fees and costs.  Troy Decl. ¶ 69; *see* Bill Stmt. at 12.  On February 14, 2024, Defendants filed a memorandum in opposition to Plaintiff's Motion, Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs ("Opp."), ECF 50, and an accompanying declaration in opposition to Plaintiff Cui's Motion, Declaration of Joon Harold Lee ("Lee Decl."), ECF 51, and Plaintiffs filed a reply.   Plaintiffs' Reply Memorandum of Law in Support of Motion for Attorneys' Fees and Costs ("Reply"), ECF 52.

## LEGAL STANDARD

The FLSA and NYLL authorize courts to award a prevailing plaintiff reasonable attorneys' fees and costs.  *Griffin v. Astro Moving & Storage Co.*, 11-CV-1844 (MKB), 2015 WL 1476415, at *6 (E.D.N.Y. Mar. 31, 2015); 29 U.S.C. § 216(b) ("The court … shall ... allow a reasonable attorney's fee to be paid by the defendant[s], and costs of the action."); N.Y. Labor Law 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee [under the NYLL] in which the employee prevails, the court shall allow such employee to recover ... all reasonable attorney's fees[.]").  "The burden is on the party moving for attorneys' fees to justify the hourly rate sought."  *Ehrlich v. Royal Oak Fin. Servs., Inc.*, 12-CV-3551 (BMC), 2012 WL 5438942, at *3 (E.D.N.Y. Nov. 7, 2012); *see also Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 94

(E.D.N.Y. 2012) ("District courts have broad discretion, using their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award." (internal quotation marks and citations omitted)).   The Second Circuit has instructed to district courts considering awards attorney's fees that:

> the better course—and the one most consistent with attorney's fees jurisprudence—is for the district court, in exercising its considerable discretion, to bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate.   The reasonable hourly rate is the rate a paying client would be willing to pay.   In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively.   The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case. The district court should then use that reasonable hourly rate to calculate what can properly be termed the "presumptively reasonable fee."

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008) (internal citations omitted).

"The resulting product of a reasonable rate and reasonable number of hours is the 'lodestar' figure against which Plaintiff's requested amount is judged."   *Ji Guo Chen v. Glow Asian Foods, Inc.*, 19-CV-630 (ST), 2023 U.S. Dist. LEXIS 173207, at *3 (E.D.N.Y. Sep. 27, 2023) (citations omitted).

## DISCUSSION

Prevailing Plaintiff Cui contends that he is entitled to $84,196.20 in attorney's fees and costs.   Troy Decl. ¶ 69; *see* Bill Stmt. at 12.   Plaintiff suggests that his attorney's fees should be calculated at the following hourly rates: $650 for Managing Attorney John Troy, Troy Decl. ¶ 27, $400 for Managing Associate Aaron Schweitzer ("Schweitzer") with a reduced rate to $200 for his time spent on travel and administrative tasks, *id.* ¶ 44, $250 for Associate Yige Chen a/k/a Eric

Chen ("Eric Chen"), *id.* ¶ 48, $250 for Associate Tiffany Troy with a reduced rate to $150 for her time spent on travel and administrative tasks, *id.* ¶ 62, and $200 for Managing Clerk Preethi Kilaru, *id.* ¶ 60. Defendants do not dispute that Plaintiff is entitled to reasonable attorney's fees, but vigorously contest their amount, arguing that both the requested rates and number of hours are excessive and unreasonable. Opp. at 6-7. The Court considers the reasonableness of each component of Plaintiff's fee request in turn.

**A. Reasonable Hourly Rate**

In ascertaining a reasonable rate, the Court considers a variety of factors, *see Arbor Hill*, 522 F.2d at 184, including the range of rates typically awarded in similar cases. The reasonable hourly rate is the rate a paying client would be willing to pay, bearing in mind, that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively. *See Lily v. City of New York*, 934 F.3d 222, 231 (2d Cir. 2019) (cleaned up).

Plaintiff proposes a rate of $650/hour for John Troy, Troy Law PLLC's principal, Troy Decl. ¶¶ 13, 27, $400/hour for mid-level associate and lead attorney on the case Aaron Schweitzer, *id.* ¶¶ 28, 44, $250/hour for Associate Eric Chen, *id.* ¶¶ 45, 48, $250/hour for Associate Tiffany Troy, *id.* ¶ 62 and $200/hour for Legal Assistant Preethi Kilaru. *Id.* ¶¶ 63, 66. Plaintiff's global argument as it relates to the proposed hours is that Eastern and Southern District courts have awarded rates as high as $550. Reply at 6. However, awards at a higher rate are dependent on the experience of the lawyers and the complexity of the matter. *See id.* (citing *Junjiang Ji v. Jling Inc.*, 15-CV-4194 , 2023 U.S. Dist. LEXIS 238508, at *7-8 (E.D.N.Y. Mar. 2, 2023.). Plaintiff further argues that accompanied by an increase in the New York City minimum wage, "the prevailing market rates and caps for partners/associates representing clients in wage-and-hour cases in the Second Circuit ha[ve] increased as well," warranting an elevated fee award in this

case.  Pl. Memo at 4 (citing *Sajvin v. Singh Farm Corp.*, 17-CV-04032, 2018 U.S. Dist. LEXIS 137485, at *17-*24 (E.D.N.Y. Aug. 13, 2018)).[2]

### 1.  Attorneys' Performance

First, Defendants argue that Plaintiff's attorneys' poor performance warrants a reduction in their proposed rates.  Specifically, Defendants assert that "Plaintiffs would have secured more money in less time but for Troy Law's unreasonable pursuit of trial in which Troy Law ultimately recovered less than 5 [percent] of what Plaintiffs sought."  Opp. at 12.  Defendants also impugn "[t]he poor substantive quality of Troy Law's performance, as evidenced in its written submissions" and its "failure to … take reasonable time to adapt and edit the content [of its own earlier work product used in other cases]."  *Id*. at 7-8.

The sole case Defendants cite in support of reducing Plaintiff's requested rates for underperformance, *Crowhurst v. Szczucki*, is readily distinguishable from the instant one.[3] *Crowhurst*, 16-CV-0182 (JGK), 2020 WL 133509 (S.D.N.Y. Jan. 11, 2020); *see* Opp. at 11-12 (arguing for a reduction based upon "Troy Law's failure to pursue its clients' best interest in this action").  In *Crowhurst*, the court found that "the lawyers lacked significant experience pursuing wage claims" and that "the plaintiff never provided the fees that each attorney has obtained in the

---

[2] In *Sajvin,* the partner received a $500 hourly rate, and the associate received a $250 hourly rate.  "However, the Court in Singh Farm Corp explained that the partner in that particular case—who was not Troy—should receive $500 per hour because of his "experience, expertise and reputation in this District." *See Sajvin, 2018 U.S. Dist. LEXIS 137485,* at *25.

[3] The 95 percent fee reduction in *Crowhurst* reflected not only that court's finding that "no reasonable attorney would have continued to pursue trial on the wage claims after March, 2019, given that the Stein Trust was prepared to settle for $22,500 plus legal fees, the plaintiff had sought only $16,400 in her complaint for these claims, and the judgment against the Stein Trust for only $22,527.92 was entered on June 3, 2019," but also far more significant billing irregularities than are alleged here, *see infra* at 12–19, including "that the vast majority of litigation efforts, including interrogatories, requests for production of documents, discovery disputes, and depositions, were expended on unrelated tort claims."  *Crowhurst,* 2020 WL 133509, at *2.

legal marketplace in the past in pursuing wage claims." *Crowhurst*, 2020 WL 133509, at *3.  The facts of *Crowhurst* are clearly not applicable to the attorneys here.[4]

Furthermore, in the absence of specific information about the parties' settlement negotiations beyond the conclusory accusation that Plaintiffs "refused to engage in meaningful, good-faith settlement negotiations," Opp. at 12, the Court has no basis to find that by taking this case to trial, Troy Law failed to pursue its clients' best interests and thus ought to have its requested rates reduced for poor performance.  *See Panora v. Deenora Corp.*, 19-CV-7267 (BMC), 2021 WL 5712119, at *3 (E.D.N.Y. Dec. 2, 2021) ("there is no provision in federal practice that requires a party to engage in settlement discussions unless the court orders it.  It is an often-used hardball strategy to take a no-settlement or high settlement position until the eve of trial to pressure a defendant to make its best offer.").[5]

---

[4] For instance, Mr. Troy is described as the attorney of record for 382 wage-and-hour cases in the Eastern and Southern Districts of New York and having "written extensively on Fair Labor Standards Act and New York Labor Law minimum wage, overtime compensation, and record-keeping requirements," Troy Decl. ¶¶ 13, 16–17, 20, and Mr. Schweitzer as having "litigated over ninety-nine (99) wage-and-hour and employment discrimination actions in the federal courts" since graduating in 2016 and trying "around ten (10) jury and bench FLSA cases each year, *id.* ¶¶ 29, 33, 37.  Moreover, each of Plaintiff's attorneys in this case provided the hourly rates they have previously been awarded in similar cases.  *See* Troy Decl. ¶¶ 26–61.

[5] Since the parties' settlement negotiations (or failure thereof) have no bearing on the Court's award, it is unnecessary to address Plaintiff's objection that their consideration here is inappropriate.  *See* Reply at 3.  Additionally, mere "inaccuracies, such as referring to this District as the 'Southern District' and other typographical errors," in Plaintiff's written submissions, *see* Opp. at 8, do not necessarily oblige a reduction in their requested rates.  The case Defendants cite on this point, *Sun v. Sushi Fusion Express, Inc.*, is distinguishable as it involved not just "written submissions [that] did not reflect the attention to detail typical of most law firms' filings," but also "ask[ing] confusing and unhelpful questions of witnesses who themselves appeared underprepared" and arriving to court late before trial.  *Sun v. Sushi Fusion Express, Inc.*, 16-CV-4840 (RPK) (LB), 2022 WL 2193441, at *2 (E.D.N.Y. June 17, 2022).  Likewise, a singular failure to comply with this Court's Individual Practices and Rules—especially one that did not meaningfully disrupt the progress of the case—does not itself demand a reduction in Plaintiff's requested rates.  The present situation is materially different from that in *Sanango v. Ruby Nails Tarrytown, Inc.*, which Defendants also proffer in support of a rate reduction based on noncompliance with a court's individual rules and practices.  Opp. at 8–9.  As Defendants themselves acknowledge, the reduction in that case was based on "repeated[] fail[ures] to comply with the Court's Orders," as well as a "failure to timely prosecute this case" and "fail[ure] to effectively deal with Defendant Kal."  *Sanango v. Ruby Nails Tarrytown, Inc.*, 20-CV-08245 (PMH), 2023 WL 2707329, at *6-7 (S.D.N.Y. Mar. 30, 2023).

### 2.   Complexity of Case

Defendants argue that this case "was a 'run-of-the-mill' FLSA action[,]" thus warranting lower hourly rates for Plaintiff's attorneys.  *See* Opp. at 14.  Defendants assert that "[w]hile the case proceeded to a jury trial, this was not because there were any complicated facts or legal issues involved," and the trial's duration simply "reflects the time lag due to the need for translation for each and every witness at trial and the difficulties that arose therefrom."  *Id.*

Although this case involved a jury trial, this Court agrees that there is nothing about this FLSA case that was particularly complex.  This case did not involve novel nor complex issues of law, the facts of this case were not difficult to parse, nor were there a multitude of parties involved.  There is no apparent justification to award the highest hourly rate.  *See Zang v. Daxi Sichuan, Inc.*, 18-CV-06910 (DG) (SJB), 2023 WL 2305934, at *4 (E.D.N.Y. Mar. 1, 2023).  Nor is the Court convinced that the reasonable fees to litigate such a case have materially changed since the FLSA fee awarded to Troy Law in the last nine months, which was within this District's typical ranges.  *See Ji Guo Chen,* 2023 U.S. Dist. LEXIS 173207, at *4 (dismissing identical rates sought by Troy Law in another FLSA and NYLL matter in this District as "uniformly unreasonable" in September 2023).

### 3.   Hourly Rates Awarded

Plaintiff's proposed rates for Troy Law's attorneys and staff exceed the norm in this District.  As Defendants correctly point out, the norm in the Eastern District for NYLL and FLSA cases has "prevailing rates range from $300 to $400 per hour for experienced attorneys, $200 to $300 per hour for senior associates, and $100 to $150 per hour for junior associates."  *Callari v. Blackman Plumbing Supply Inc.*, 11-CV-3655 (ADS) (AKT), 2020 WL 2771008, at *9, *11 (E.D.N.Y. May 4, 2020).  While it is not disputed amongst the parties that courts have awarded

rates above the typical range in some cases, this can hardly suffice to justify the $650, $400, $250, and $200 respective hourly rates Plaintiff seeks here.

Moreover, the sole case Plaintiff relies on in contending that the passage of time has seen an increase in the amount a "reasonable, paying client would be willing to pay" for the services provided by Troy Law in this matter, *Arbor Hill*, 522 F.3d at 190, speaks only to the upper bound of the reasonable range in this District and was based on the superior "experience, expertise, and reputation" of the attorney in that case.  *See Sajvin*, 2018 U.S. Dist. LEXIS 137485, at *24–25 (awarding fees $50/hour above the typical maximum of $450 for a partner); *see also See Ji Guo Chen*, 2023 U.S. Dist. LEXIS 173207, at *5.  This Court is unpersuaded that *Sajvin*, the facts of which show it was an "exceedingly rare case[]," has any applicability here given Troy Law's entirely dissimilar "history of conduct in this district and in the Southern District resulting in admonishment and at times outright sanctions."  *See Ji Guo Chen,* 2023 U.S. Dist. LEXIS 173207 at *6–7; *see also Panora*, 2021 WL 5712119, at *6.  As discussed, the Court finds that neither Troy Law's reputation generally, nor its performance in this particular case, warrant similarly high hourly rates.  *You Qing Wang v. XBB, Inc.*, 18-CV-7341 (PKC) (ST), 2023 WL 2614143, at *3–4 (E.D.N.Y. Mar. 23, 2023).

Having considered all the pertinent factors, *see Arbor Hill*, 522 F.2d at 184, including the case's complexity, timing demands, and the resources required to prosecute it effectively, the Court concludes that the Plaintiff's attorneys' hourly rates in this case need not exceed the ranges typically awarded in FLSA matters in this District.[6]  Despite Plaintiff's concern about the

---

[6] *See Noboa v. Quality Homes USA, Inc*., 21-CV-7134, 2023 WL 35030, at *2 (E.D.N.Y. Jan. 4, 2023) (recognizing typical rates of "$200 to $450 for partners in law firms, $200 to $325 for senior associates, $100 to $200 for junior associates"); *Perrone v. Amato*, 09-CV-316, 2022 WL 595187, at *3 (E.D.N.Y. Feb. 27, 2022) (recognizing typical rates "generally range from $300.00 to $450.00 for partner-level attorneys, and $200.00 to $325.00 for those with less experience.").

comparability of rates awarded in the neighboring Southern District, Plaintiff does not establish circumstances justifying the use of an out-of-district rate in preference to the presumptively reasonable Eastern District ranges.  *See Arbor Hill*, 522 F.3d at 191*; Ji Guo Chen,* 2023 U.S. Dist. LEXIS 173207, at *7–8.  Furthermore, considering the forum rule, which states that a district court should generally use the prevailing hourly rates in the district where it sits, the Court is not persuaded, nor bound, by the hourly rate awards Troy Law has received in state court cases.  *See* Troy Memo at 5–6; *Jianmin Jin v. Shanghai Original, Inc*., 16-CV-5633 (ARR) (JO), 2020 WL 4783399, at *5 (E.D.N.Y. Aug. 18, 2020) (collecting cases).  To the contrary, federal district courts have instead "routinely reduced Troy Law Firm's requested hourly rates" to figures on the lower ends of the typical ranges in this District,[7] *see Hong v. Mito Asian Fusion, Inc.*, 19-CV-3149 (TAM), 2023 WL 3092722, at *5 (E.D.N.Y. Apr. 26, 2023) (awarding $350 for Mr. Troy, $200 for Mr. Schweitzer, $150 for Ms. Troy, and $100 for Ms. Kilaru), deeming them "patently unjustified" and warning of sanctions.  *Wang*, 2023 WL 2614143, at *8 (awarding $400 for Mr. Troy, $200 for Mr. Schweitzer, and $75 for Ms. Kilaru).  Accordingly, the Court finds that following hourly rates are consistent with the prevailing rates in this District for experienced wage-and-hour attorneys.

### a.   John Troy

Plaintiff proposes a rate of $650/hour for John Troy, Troy Law PLLC's principal.  John Troy is the attorney of record for 176 wage-and-hour cases in the Eastern District of New York

---

[7] "A treatise worth of case law has emerged about the rates and hours that Troy Law has requested."  *Garcia v. Francis Gen. Construction Inc.*, 2022 WL 2698434, at *7 (S.D.N.Y. July 12, 2022).  In *Garcia*, and in plethora of case considering fee applications prepared by Troy Law, "courts have balked" at the firm's requested rates.  *Id.* (collecting cases and awarding fees at the rate of $300 per hour for John Troy, $150 per hour for Schweitzer and for Tiffany Troy, and $70 per hour for Kilaru); *see also Lu Wan v. YWL USA Inc*., 2021 WL 1905036, at *6 (S.D.N.Y. May 12, 2021) (observing that "courts that have thoroughly scrutinized Troy Law's requests for fees have awarded lower rates," and awarding fees at the rate of $325 per hour for John Troy, $175 per hour for Schweitzer, $125 per hour for Lim, and $75 per hour for Kilaru and Tiffany Troy).

alone and has been admitted in New York since 1989.  Troy Decl. ¶¶ 13, 16.  However, Defendants challenge Mr. Troy's proposed rate of $650 as "excessive and unreasonable."  Opp. at 7-9. Plaintiff does not offer to the Court any argument as to why Troy should be awarded an above-market rate in this case, much less a higher rate than he has ever been granted in any other case. *See Yuan v. & Hair Lounge Inc.*, 18-CV-11905, 2023 WL 4534872, at *5 (S.D.N.Y. June 28, 2023), *report and recommendation adopted*, 18-CV-11905, 2023 WL 4535085 (S.D.N.Y. July 13, 2023).  The Court's own review shows that John Troy only has 32 billing entries out of 225 billed entries, *see generally* Troy Decl., and that John Troy did not attend trial and did not prosecute this case himself.  Thus, under the *Arbor* factors, an hourly rate of $350 for John Troy is warranted. *See Hong*, 2023 WL 3092722, at *5; *see also Yuan*, 2023 WL 4534872, at *5.

### b.  Aaron Schweitzer

Plaintiff seeks a rate of $400/hour for Aaron Schweitzer.  Mr. Schweitzer has been admitted in New York since 2018 and has litigated more than 99 wage-and-hour and employment discrimination cases in federal court.  Troy Decl. ¶¶ 30, 33.  Despite Plaintiffs' characterization of Schweitzer as the "Managing Associate," Defendants point out that his work on this case – from 2020 to early 2024 – was during his third, fourth, fifth, and sixth years of admission, making him "a junior to mid-level attorney" for fee purposes.  Defendants argue his proposed rate of $400 unreasonable.  Opp. at 9-10; *see* Troy Decl. ¶ 30; *see generally* Bill Stmt.

While the Court can appreciate that Schweitzer was the sole trial attorney in this case and is associated with 121 out of the 225 billing entries, Plaintiff offers no justification for the exceptionally high hourly rate sought for Schweitzer.[8]  *See, e.g.*, *Gao v. Umi Sushi*, 18-CV-06439

---

[8] In addition, the Court notes that despite Mr. Schweitzer's experience with NYLL and FLSA cases, his reputation regarding litigation misconduct resulting in courts imposing or threatening to impose sanctions, does not align with awarding a rate "awarded only to partner-level attorneys with considerably more experience and better professional profiles." *Yuan v. & Hair Lounge Inc.*, 18-CV-11905(ATB)(CM), 2023 WL 4534872, at *6 (S.D.N.Y. June 28, 2023),

(ALC)(SN), 2023 WL 2118203, at *12 (S.D.N.Y. Jan. 31, 2023) ( awarding $300 to $400 per hour for "experienced wage-and-hour attorneys").  Therefore, an hourly rate of $200 for Mr. Schweitzer is warranted.  *Hong*, 2023 WL 3092722, at *5.

### c.   Eric Chen, Tiffany Troy, and Preethi Kilaru

Plaintiff requests a rate of $250/hour for Eric Chen, who is not described as having experience with FLSA or NYLL cases.  Troy Decl. ¶¶ 45-48.  Plaintiff also proposes a rate of $250/hour for Tiffany Troy, who is described as "assist[ing] in the firm's civil litigation practice, including employment wage-and-hour class litigation," but whose specific experience with FLSA or NYLL cases is not indicated.  *Id.* ¶¶ 49–62.  Defendants further note that Eric Chen and Tiffany Troy began working on this case prior to being admitted and submit that their proposed attorney rate of $250 far exceeds the reasonable ranges for a pre-admitted law clerk or junior associate.  Opp. at 10; *see* Troy Decl. ¶¶ 47–48, 50, 62; *see generally* Bill Stmt.  Therefore, in line with the apt rates of ranges for a more junior associate, the Court finds an hourly rate of $150 for Eric Chen and Tiffany Troy is appropriate.  *See Jin*, 2020 WL 4783399, at *9.

Lastly, Plaintiff seeks a rate of $200/hour for Preethi Kilaru, who is described as having "worked as a legal assistant and advisor in Bangalore, India, specializing in civil practice" before joining Troy Law in 2018.  Troy Decl. ¶¶ 63, 66.  However, Defendants dispute Preethi Kilaru's proposed rate of $200, falling on the higher end of an hourly rate for junior attorney, to be unwarranted given that Preethi Kilaru is not admitted to practice law in New York nor any other jurisdiction.  Opp. at 10-11; *see* Troy Decl. ¶¶ 63–66.  The record indicates that Preethi Kilaru is a "managing clerk" who performed primarily clerical and administrative work for Troy Law.  Troy Decl. ¶ 45; *see generally* Bill Stmt. 2-10.  Therefore, the Court finds that an hourly rate of $75

---

*report and recommendation adopted*, 18-CV-11905(ATB)(CM), 2023 WL 4535085 (S.D.N.Y. July 13, 2023); *see e.g.*, *Chen v. Thai Greenleaf Rest. Corp.*, 2023 WL 2731712, at *5-6 (E.D.N.Y. Mar. 31, 2023).

hour for Preethi Kilaru is satisfactory.[9]  *See Yuan,* 2023 WL 4534872 *7 ("Ms. Kilaru appears to have performed – at best – paralegal work on this case, an hourly rate of $75 is appropriate.").

## B. Reasonable Number of Hours Expended

In determining whether the number of hours spent by Plaintiff's counsel are reasonable, the Court must "use [its] experience with the case, as well as [its] experience with the practice of law . . ." *Fox Indus., Inc. v. Gurovich*, 03-CV-5166 (TCP) (WDW), 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)). "To enable a court to determine the reasonableness of the hours expended, a party seeking an award of attorneys' fees must submit contemporaneous time records indicating the number of hours expended and the nature of the work done." *Lewis v. Coughlin*, 801 F.2d 570, 577 (2d Cir. 1986). "The district court should exclude excessive, redundant or otherwise unnecessary hours." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433–35, 440 (1983)).

The question facing the Court "is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (cleaned up).  "[T]he district court is not obligated to undertake a line-by-line review" of a fee application, and "may, instead, 'exercise its discretion and use a percentage deduction as a practical means of trimming fat.'" *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014); *see,*

---

[9] The Court acknowledges that Ms. Kilaru was awarded her requested rate in two cases, *Weng v. Kung Fu Little Steamed Buns* and *Jianhui Hu v. 226 Wild Ginger Inc.*  However, in the mine run of cases Ms. Kilaru is typically awarded fees of $100 or less per hour.  *See Weng v. Kung Fu Little Steamed Buns et al.,* 17-CV-00273-LAP (S.D.N.Y. May 21, 2021); *Jianhui Hu v. 226 Wild Ginger Inc.*, 2020 WL 6324090 (S.D.N.Y. Oct. 7, 2020); *see, e.g., Hong*, 2023 WL 3092722, at *6 ($100 per hour); *Sanango v. Ruby Nails Tarrytown, Inc.*, 2023 WL 2707329, at *6 (S.D.N.Y. Mar. 30, 2023) ($70 per hour); *Wang*, 2023 WL 2614143, at *6 ($75 per hour); *Chen vv. Shanghai Café Deluxe, Inc.*, 2023 WL 2401376, at *17 (S.D.N.Y. Mar. 8, 2023) ($70 per hour); *Gao*, 2023 WL 2118203, at *13 ($100 per hour); *Garcia v. Francis General Construction Inc.*, 2022 WL 2698434, at *8 (S.D.N.Y. Jul. 12, 2022) ($70 per hour); *Zhang*, 2022 WL 2668263, at *17 ($70 per hour).

*e.g.*, *Hong*, 2023 WL 3092722, at *7 (imposing a blanket fee reduction of 35 percent on Troy Law in an FLSA–NYLL case).

Defendants call for a blanket reduction in Troy Law's compensable hours and assert that Troy Law inflated its billing records, inappropriately delegated "junior legal tasks" to more senior personnel with higher hourly rates, and improperly submitted billing entries for non-compensable "purely clerical or administrative tasks, such as electronic filing." Opp. at 17–12. Defendants also argue that Plaintiff's compensable hours ought to be further reduced in light of the facts that "only one of the two Plaintiffs prevailed at trial," four of Plaintiff Cui's seven original causes of action were dismissed, and he recovered only $13,018.84 of the $123,508.71 in damages he had sought. Opp. at 24–26. Accordingly, Defendants "request that this Court reduce Troy Law's compensable hours by at least 54 [percent] for its poor billing practices and limited degree of success in obtaining relief for only one of the two Plaintiffs" and "make an additional 25 [percent] reduction" "given that sole prevailing Plaintiff Cui received only about 10 [percent] of the damages he sought"—amounting to a total reduction in compensable hours of 79 percent. Opp. at 22–23.

In response, Plaintiff claims that "[t]he amount of delegation from partner-level attorneys to associates, and from senior associates to junior associates and staff, is appropriate" and it represents that "Plaintiffs have already taken pains" to "reduce rates for senior attorneys or tasks that could have been performed by less attorneys, or staff." Reply at 8. Plaintiff states rather that "[c]ontrary to Defendants' baseless assertion, staff and paralegal work is billable, albeit at reduced rates," making "[a] further across-the-board reduction … not warranted." *Id.* at 9. Plaintiff also objects to a reduction in compensable hours based on his degree of success, noting that Troy Law has already excluded "hours dedicated solely to [non-prevailing Plaintiff] Jinghua Zheng" and submitting that "further severing hours spent on Plaintiff Cui's successful claims from Plaintiff

13

Zheng's unsuccessful claims, or time spent pursuing unsuccessful causes of action, is not possible." *Id.* at 11.

### 1. Overbilling

Beginning with Plaintiff's attorneys' billing practices, Defendants contend as a general matter "Troy Law's practice of overbilling for…routine FLSA tasks has been grounds for significantly reducing compensable hours." Opp. at 14.[10]   The Court agrees with Defendants that Troy Law has overbilled in this case.  This practice is most apparent in the entry relating to the initial telephonic conference, directly contradicted by external records.  *See* Opp. at 12.  The Court is unpersuaded by Plaintiff's explanation that discrepancies such as billing 3.50 hours to attend an initial pretrial telephonic conference[11] that lasted only 15 minutes is aberration in an otherwise sound billing history in this case.  Reply at 5.

Furthermore, it is clear to the Court that some entries are overbilled as they relate to simple tasks and the time expended on them is incongruent with Troy Law's experience with FLSA–NYLL cases.  For example, John Troy declares he spent 2.10 hours to review a 10-page *pro forma* answer.  Bill Stmt. 2.  Courts in this district have already identified such entries as overbilling when performed by John Troy.  *Wang*, 2023 WL 2614143, at *7 ("[T]he Court finds it troubling that Troy—who touts his vast experience in litigating wage-and-hour cases—billed 2.1 hours to review Defendants' pro forma Answer…..."), *reconsideration denied*, 18-CV-7341, 2024 WL 184263 (E.D.N.Y. Jan. 17, 2024); *see also Tommy's Sushi*, 2016 WL 452319, at *7 (critiquing

---

[10] Though the Court's findings concern only Troy Law's conduct in this case, Troy Law's ongoing record of reproach by courts in this and the Southern District for similar billing inconsistencies, *see Rosas*, 2023 WL 5423982, at *11 n.9 (collecting cases), aligns with "a pattern of overbilling in this case" given the several instances of inconsistent and inflated billing raised here as suggested by Defendants.

[11] Bill Stmt. at 4 (John Troy, 11/09/20, "IPTC," 3.50 hours).

14

John Troy for a similar 2.2-hour time entry for reviewing "defendants' one-sentence Rule 7.1 statement and 14-page pro forma Answer").

Other billing entries that cause the Court to raise an eyebrow include those in which: Mr. Schweitzer billed 1.00 hour to electronically "File the Complaint & Civil Cover Sheet USDC"; Mr. Chen billed 0.67 hours to "file a notice of appearance"; Mr. Schweitzer billed .50 hours to "File Consent to Become Party Plaintiff Cheng." Yet, the Court's review of the Billing Statement indicates that in many of billing entries associated with filing documents on to the docket Troy Law typically only expended from 0.08-0.20 hours. *See* Bill Stmt. at 1,2,3,6,7,8. Other suspect entries include an entry associated with Tiffany Troy, who billed 1.00 hours to "Setup zoom and logistics for Plf Cui and Zheng." *See Rosas*, 2023 WL 5423982, at *12 ("Similarly, the Court cannot credit that each deposition or deposition prep session….required exactly one hour of vaguely described 'set up,' by an employee …. at a cost of $250.").[12]

### 2. Inappropriate Delegation of Work

The Court also agrees with Defendants that Troy Law "inappropriately delegated its work." Opp. at 12. Many of Plaintiff's billing entries show low-level work being performed by senior attorneys rather than junior attorneys or support staff. *See, e.g.*, Bill Stmt. at 4 (John Troy, 11/24/20, "Print, sign, and file the Stip for MCCC," 0.17 hours); *id.* at 5 (John Troy, 12/21/20, "Email Defendant RE Incomplete Name List," 0.50 hours; John Troy, 12/21/20, "Check Plfs with Namelist for completeness & correctness," 0.66 hours); *id*. at 2 ( John Troy, 8/13/20 "Download, enter into database, District Judge assignment; Review District Judge Individual Practices" billing

---

[12] This is not Troy Law's first encounter with this kind of billing issue. *See Hong*, 2023 WL 3092722, at *7–8; *De La Cruz Rosas v. Just Salad 60 Third LLC*, 18-CV-7342 (JGK) (BCM), 2023 WL 5423982, at *11 (S.D.N.Y. Aug. 4, 2023), *report and recommendation adopted sub nom. Rosas v.  Just Salad 600 Third LLC*, 18-CV-7342 (JGK), 2023 WL 5390985 (S.D.N.Y. Aug. 22, 2023) ("Troy Law's timesheets are replete with eyebrow-raising entries that – if not outright 'fraud,' as defendants charge…cannot have been the product of honest and conscientious timekeeping").

0.50 hours).[13]   For instance, "a reasonable, paying client wish[ing] to spend the minimum necessary to litigate the case effectively," *Arbor Hill*, 522 F.3d at 190, would hardly be disposed to pay Mr. Schweitzer, an experienced associate, $300 to simply file a party consent and the complaint.  *See* Bill Stmt. at 2 (Aaron Schweitzer, 08/13/20, "File Consent to Become Party Plaintiff Cheng Zhe Cui (Dkt. No. 4)," 0.50 hours); (Aaron Schweitzer, 08/13/20, "File the Complaint & Civil Cover Sheet USDC (Dkt. Nos. 1, 2)," 1.00 hours) (both billed at his proposed half rate); *see Zang*, 2023 WL 2305934, at *6 ("[t]asks like reviewing court orders…. and preparing documents for filing could and should have been delegated to junior attorneys.  Such misallocation warrants a reduction in fees").  The Court finds that "it is not appropriate, for purposes of gauging the reasonable fee award, to assign partner-level billing rates to tasks that first- or second-year associate[s] [or, here, a non-lawyer] could easily perform." *Lin Kumo*, 2015 WL 5122530 at *2.

### 3. Non-Compensable Time

Troy Law further improperly seeks attorney's fees for non-compensable time spent on translation and purely clerical or administrative tasks.  *See* Bill Stmt. at 2–11.  Plaintiff correctly identifies that "paralegal tasks such as the selection and redaction of trial exhibits and preparation of trial exhibits and witness binders are compensable." *Dotson v. City of Syracuse*, 04-CV-1388 (NAM) (GJD), 2011 WL 817499, at *26 (N.D.N.Y. Mar. 2, 2011).  But the Supreme Court has opined that "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. at 288 (1989).  Courts in this Circuit have consistently held that "work of a secretarial nature, including copying a file, informing individuals about hearing scheduling, preparing a bill, and having other ministerial communications with

---

[13] *See Shiqiang Gao v. Sushi*, 18-CV-06439(ALC)(SN), 2023 U.S. Dist. LEXIS 17269, at *36 (S.D.N.Y. Jan. 31, 2023).

witnesses or clients," is "considered part of a firm's overhead and…not to be included as part of an award for costs and fees." *O.R. v. New York City Dep't of Educ.*, 340 F. Supp. 3d 357, 368 (S.D.N.Y. 2018) (collecting cases). Plaintiff's billing entries for "download[ing], enter[ing] into database, [and] calendar[ing]" documents, *see generally* Bill Stmt., are for "scheduling" and "work of a secretarial nature," and are not compensable at any rate. *See Lu Wan*, 2021 WL 1905036, at *7 ("With respect to tasks that are 'purely clerical,' such as downloading, scanning, or copying documents and organizing files, such work is generally not compensable, whether performed by an attorney or a paralegal." (quoting *Siegel v. Bloomberg L.P.*, 13-CV-1351, 2016 WL 1211849, at *7 (S.D.N.Y. Mar. 22, 2016))).

Moreover, "interpreting services are distinct from legal services and are not awarded as a component of attorney's fees." *Szczepanek v. Dabek*, 10-CV-2459 (SJF) (ARL), 2011 WL 846193, at *8 (E.D.N.Y. Mar. 7, 2011).[14] Eric Chen and Tiffany Troy's time spent on translation is thus not eligible for compensation and must be reduced from their hours. *See* Bill Stmt. at 4 (Tiffany Troy, 12/06/20, "Translate Notice of Pendency into Spanish," 1.58 hours; Eric Chen, 12/07/20, "Translate Notice of Pendency into Korean and Spanish," 2.00 hours); *id.* at 10 (Tiffany Troy, 12/03/23, "Translate for Clients, Trial Prep," 2.50 hours).

### 4. Ambiguous Entries

An examination of the contemporaneous time records of Troy Law's billing entries reveals numerous vague entries. *See, e.g.*, Bill Stmt. at 2 (Aaron Schweitzer, 07/10/20, "Research: Lexis Nexis /Legal / Others," 1.30 hours); *id.* at 3 (John Troy, 09/03/20, "Intial [sic] Contact with OC," 0.25 hours); *id.* at 4 (Tiffany Troy, 12/03/23, "Translate for Clients, Trial Prep," 2.50 hours),[15]

---

[14] This, too, should be no surprise to Troy Law. *See Wang*, 2023 WL 2614143, at *5.

[15] The Court has already explained that translation work is not compensable. However, billed together here with compensable work for "trial prep," the combination and lack of explanation does not allow the Court to identify how

Such vague entries hamper the Court's ability "to determine the reasonableness of the time spent on particular tasks and warrant[ing] a reduction in attorney's fees." *Caban v. Emp. Sec. Fund of the Elec. Prod. Indus. Pension Plan*, 10-CV-389 (SMG), 2015 WL 7454601, at *6 (E.D.N.Y. Nov. 23, 2015); *see also Anderson v. Cnty. of Suffolk*, 09-CV-1913 (GRB), 2016 WL 1444594, at *6 (E.D.N.Y. Apr. 11, 2016). That it may be possible to elucidate ambiguous billing entries retrospectively, *see* Reply at 5-6, does not alter the fact that, absent additional explanation for all ambiguous entries, the Court remains unable to suitably examine the reasonableness of the overall time billed. *See Linde v. Arab Bank, PLC*, 293 F.R.D. 138, 143 (E.D.N.Y. 2013) ("Whatever the reason, the lack of specificity impairs the ability to review the reasonableness of certain items."). The proper place to identify the purpose of a time entry is in the billing record itself, not ad hoc thereafter.

### 5. Lack of Success

The Court turns now to Defendants' contention that Plaintiff Cui's compensable hours should additionally be reduced for lack of success because only Plaintiff Cui prevailed at trial, only three of his seven initial causes of action survived, and he recovered only $13,018.84 of the $123,508.71 in damages he claimed. Opp. at 23–28; *see* Plaintiff's Statement of Damages, ECF 33-1, at 1.

First, regarding the disaggregation of attorney time spent on prevailing Plaintiff Cui from that spent on non-prevailing Plaintiff Zheng, Defendants note that a number of "billing entries fail to identify the exact Plaintiff with whom Troy Law's staff corresponded and the matter discussed, making it difficult to ascertain whether such work was performed for non-prevailing Plaintiff Zheng" or for prevailing Plaintiff Cui. Opp. at 25. "Although some of the legal work done 'on

---

much time was spent on either task. This example of an improper billable entry will thus be reduced within the overall reasonable hours reduction the Court imposes.

behalf of the non-prevailing Plaintiff[] may have been required for the prevailing Plaintiff[] to win, … the cost of other work … cannot possibly be compensable in an award to the prevailing plaintiff[].'" Opp. at 24–25 (quoting *Rosas*, 2023 WL 5423982, at *13).

While Troy Law asserts that he has removed "hours dedicated *solely* to [non-prevailing Plaintiff] Jinghua Zheng" (emphasis added), Reply at 11, the Court's own review identifies remaining billing entries both for work performed *partially* on behalf of non-prevailing Plaintiff Zheng and entries which do not identify the Plaintiff for whom the billed work was performed. *See, e.g.*, Bill Stmt. at 2 (John Troy, 07/10/20, "Meet with Client(s) – Intakes," 2.20 hours); *id.* at 4 (Aaron Schweitzer, 11/09/20, "Draft Plaintiff(s)' EBT Notice, Def," 0.75 hours); *id.* at 10 (Aaron Schweitzer, 12/03/23, "prepare clients for trial," 2.50 hours). Defendants assert that although both "plaintiffs' claims rested on similar or related legal theories," making it "difficult to divide the hours expended on a claim-by-claim basis," the Court "'should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'" Opp. at 24-25 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)).

The Court agrees that a reduction in compensable hours is warranted to account for the work expended on non-prevailing Plaintiff Zheng's behalf but that was not necessary to Plaintiff Cui's success—which has not yet been removed from Plaintiff's requested time. *See Rosas*, 2023 WL 5423982, at *13 ("Although 'some work done on behalf of the non-prevailing Plaintiffs' may have been 'required for the prevailing Plaintiffs to win,'…the cost of other work (such as defending the depositions of the non-prevailing plaintiffs…) cannot possibly be compensable in an award to the 'prevailing plaintiffs.'"); *see, e.g.*, Bill Stmt. at 9 (Eric Chen, 01/22/22, "def's depo of Plf\ PREPARE ALL PLAINTIFFS Zheng, Jing Hua, Cui, Cheng Zhe," 3.50 hours); *id.* at 10 (Aaron Schweitzer, 12/03/23, "prepare clients for trial," 2.50 hours).

19

The Court declines, however, to reduce Plaintiff Cui's compensable hours for the dismissal of four of Plaintiff Cui's seven causes of action or for his recovery of only roughly 10 percent of the damages he sought. As both parties raise, "[b]oth the quantity and quality of relief obtained, as compared to what the plaintiff sought to achieve as evidenced in h[is] complaint, are key factors in determining the degree of success achieved." *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008). Plaintiff Cui succeeded on his overtime and spread-of-hours claims, obtaining a meaningful quality of relief, but he was awarded a mere fraction of the damages he claimed, resulting in a limited quantity of relief. *See* Verdict Form. Yet Plaintiff's "nominal or modest" damage award does not bring the degree-of-success inquiry to an end. As Defendants omit in their quotation of *Carroll v. Blinken*, "[w]here the damage award is nominal or modest...***and no substantial public interest is served***, a substantial fee award cannot be justified." *Carroll*, 105 F.3d 79, 152 (2d Cir. 1997) (emphasis added). Here:

> [t]he purpose of the FLSA attorney fees provision is to inure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances. Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees...encourages the vindication of congressionally identified policies and rights.

*Holick*, 48 F.4th at 110 (quoting *Cabrera v. Schafer*, 12-CV-6323 (ADS) (AKT), 2017 WL 9512409, at *4 (E.D.N.Y Feb. 17, 2017)) (internal quotation marks, alterations, and citations omitted); *see also Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 211 (E.D.N.Y. 2007) ("It would be an error for a district court to reduce attorneys' fees on the basis of a low damages award ... in FLSA cases, because, like § 1988, 'the purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage-and-hour grievances.'") (cleaned up).

Accordingly, the Court declines to reduce Plaintiff's compensable hours simply based on his limited recovery at trial.

### 6. Compensable Hours Awarded

The Second Circuit has made clear that a district court need not "set forth item-by-item findings concerning what may be countless objections to individual billing items." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). Instead, "[a] district court may exercise its discretion and use a percentage deduction 'as a practical means of trimming fat from a fee application.'" *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (quoting *New York State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir.1983)).

Considering Troy Law's incontrovertible inflation of hours, inappropriate delegation of rudimentary work to more senior attorneys, non-compensable time requested for translation and purely clerical tasks, and ambiguous billing entries (including those implicating work for non-prevailing Plaintiff Zheng not necessary to Plaintiff Cui's success), the Court finds appropriate an across-the-board reduction to Plaintiff's requested hours of 30 percent. *See Lilly v. City of New York*, 934 F.3d 222, 234 (2d Cir. 2019) ("district courts have the legal authority and discretion to… apply an across-the-board reduction to the hours billed or total fee award to account for time spent on clerical tasks (or block-billed time entries reflecting a mix of clerical and legal work)"); *Reiter v. Maxi-Aids, Inc.*, 14-CV-3712 (SJF) (GRB), 2019 WL 1641306, at *5–6 (E.D.N.Y. Apr. 16, 2019) ("courts routinely apply reductions for vague entries, imposing 'reductions as high as 40 [percent] based solely on vague billing entries'" (quoting *Anderson v. Cty. of Suffolk*, 09-CV-1913 (GRB), 2016 WL 1444594, at *6 (E.D.N.Y. Apr. 11, 2016))); *see also Hong*, 2023 WL 3092722, at *8 (reducing Troy Law's compensable hours by 35 percent); *Jin*, 2020 WL 4783399, at *8

(reducing Troy Law's compensable hours by 40 percent); *Zang*, 2023 WL 2305934, at *8, 10 (reducing Troy Law's compensable hours by 50 percent, including a 30 percent reduction for poor billing practices).

### C. Awarded Attorney Fees Calculations

As discussed, the Court reduces Plaintiff's requested hourly rates to $350 for John Troy, $200 (full rate) and $100 (half rate) for Aaron Schweitzer, $150 for Eric Chen, $150 (full rate) and $75 (half rate) for Tiffany Troy, and $75 for Preethi Kilaru. The Court also imposes a 30 percent across-the-board reduction to Plaintiff's requested hours. Accordingly, Plaintiff's reasonable attorney's fees are calculated as follows:

| Individual | Requested Rate | Reasonable Rate | Recorded Hours | Reduction | Reasonable Hours | Adjusted Fees |
|---|---|---|---|---|---|---|
| John Troy | $650 | $350 | 22.67 | 30% | 15.87 | $5,554.50 |
| Aaron Schweitzer (full rate) | $400 | $200 | 121.02 | 30% | 84.72 | $16,944.00 |
| Aaron Schweitzer (half rate) | $200 | $100 | 24.19 | 30% | 16.93 | $1,693.00 |
| Eric Chen | $250 | $150 | 23.17 | 30% | 16.22 | $2,433.00 |
| Tiffany Troy (full rate) | $250 | $150 | 5.08 | 30% | 3.56 | $534.00 |
| Tiffany Troy (half rate) | $150 | $75 | 13.90 | 30% | 9.73 | $729.75 |
| Preethi Kilaru | $200 | $75 | 17.53 | 30% | 12.27 | $920.25 |
| **TOTAL** | | | **227.56** | **30%** | **159.30** | **$28,808.50** |

Lastly, the Court addresses costs. Defendants note that several of Plaintiff's costs are inadequately documented, given that Plaintiff did not attach receipts for $375.00 in process service and a total of $60.80 in printing and mailing costs. Opp. at 28; *see* Bill Stmt. at 11. The Court agrees. *See, e.g.*, *Volpe v. Nassau Cty.*, 12-CV-2416, 2016 WL 6238525, at *10 (E.D.N.Y. Oct.

24, 2016) ("The fee applicant bears the burden of adequately documenting and itemizing the costs requested."). As Troy Law ought to be aware, having recently encountered this same issue, "[p]rocess server fees are … recoverable, but they must be supported by documentation." *Zang*, 2023 WL 2305934, at *10; *see also Joe Hand Promotions, Inc. v. Elmore*, 11–CV–3761 (KAM) (SMG), 2013 WL 2352855, at *12 (E.D.N.Y. May 29, 2013) ("the court finds that Plaintiff has failed to submit adequate documentary evidence in support of its request for $150 in service costs and therefore denies Plaintiff's request for reimbursement of such service costs."). Plaintiffs do not justify their lack of substantiation for certain expenses and may only recover those costs for which they provide documentation, of which there is a total of $3,125.40. *See* Bill Stmt. at 13-18.

## CONCLUSION

For the reasons set forth above, prevailing Plaintiff Cui is entitled to $28,808.50 in attorney's fees and $3,125.40 in costs.

**SO ORDERED.**

_____/s/_____
ORELIA E. MERCHANT
United States District Judge

Dated: July 29, 2024
Brooklyn, New York